## JACKSON v. REEVE.

1. PRACTICE: *Verification of answer.*
   An answer cannot be stricken from the files, or its contents be refused
   consideration for want of verification, unless the party refuses to verify
   after order made to do so; and where an unverified answer has been filed,
   and no order made to verify it, proceedings as by default cannot be
   taken against the defendant on a motion in the cause because of the
   absence of himself and attorney when it is called up. It should be
   considered on its merits.

2. PLEADING: *Fraud, how alleged.*
   Fraud when relied on, must be distinctly charged, if not in direct lan-
   guage characterizing conduct and actions as fraudulent, at least by a
   clear statement of facts and circumstances which unexplained would
   be fraudulent *per se.*

3. ADMINISTRATION: *Power of probate court over estate: Granting let-
   ters, etc.*
   The probate of a will authorizes the grant of letters testamentary; but
   until letters are ordered the court has no jurisdiction to make orders
   for the management or disposition of the estate. And if it grant let-
   ters of administration, generally, instead of letters testamentary, or of
   administration with the will annexed, the error, if any, must be cor-
   rected by appeal. It will not render the subsequent proceedings void.

APPEAL from *Pulaski* Circuit Court.

Hon. F. T. VAUGHAN, Circuit Judge.

*Robert A. Howard* for appellants.

It was error to render judgment by default, for there
was appearance, answer and motion to transfer. The
court erred also in refusing to transfer to the Chancery
Court. The answer presented an equitable defense, and
the cause should have been transferred as prayed.

*Wm. G. Whipple* for appellee.

The defendants being in default, and not present to

urge their motion, it was properly dismissed; the motion was not self-executing, and not being verified was not evidence of anything.

The answer presented no defense properly cognizable in equity. There is no sufficient allegation of error or irregularity, much less of fraud.

Probate allowances have the force of judgments. (*38 Ark.*, *475.*) Chancery will not vacate them for error, but only for fraud. (*39 Ark.*, *256.*) An order of sale by the probate court is valid, though erroneous. (*23 Ark.*, *129.*) And chancery only interferes in cases of fraud. (*42 Ark.*, *186; Adams v. Thomas, 44 Ark.; Greely Burnham Grocer Co. v. Graves, MS.*) The fraud must be specifically alleged (*34 Ark.*, *71*), and must be more than a mere suspicion. *41 Ark.*, *378.*

EAKIN, J. Ejectment by Reeve against Jackson and others, to recover certain town lots of small value, which are alleged to have been the property of May J. Jackson, deceased. Complainant claims under a sale made by her administrator, for the payment of debts, under order of the probate court.

James A. Jackson filed an answer which he makes a cross-bill in equity, showing that in April, 1881, May Harris, then unmarried, but who afterwards became his wife, together with himself and another person, executed to Reeve a note at sixty days for thirty-five dollars; that she died in March, 1882, leaving a will devising to him the property in question; that Reeve, on the sixteenth of November, 1882, petitioned the probate court as a creditor, stating that there had been no administration on her estate nor probate of any will; that upon this suggestion an administrator was appointed, and the claim of Reeve presented and allowed; and that the administrator made an

irregular application to sell the real estate of the deceased, and obtained an order therefor and made advertisement. It is charged that the application to sell did not state correctly the facts regarding the condition of the estate.

Respondent shows further : That on the seventeenth of July, 1883, he filed in the probate court a petition to set aside the administration and all the proceedings had under it, which application is pending and undecided. He says that the note was his own debt also, that he had always been willing to pay it, but that no application was ever made to him for the purpose; that he had no notice of the proceedings for an administration, and that the will had been duly probated before they begun. Various other allegations are made to show that the administration of the estate to secure so small a debt was ruinous and unnecessary. Respondent offers to pay into court the debt, with interest, and any other amount the court may deem proper.

Prayer to vacate all the proceedings in the administration and to enjoin the plaintiff from prosecuting the action in ejectment. This answer was filed October 8, 1883, and was accompanied with a motion to transfer the cause to the Pulaski Chancery Court.

The record shows that next day the cause came on to be heard, and on motion of plaintiff, the defendant not appearing, the motion to transfer was overruled as by default. After reciting that the court had assessed the damages, the record shows that judgment was rendered for plaintiff for the lands, and against Johnson for fifty dollars damages, and that plaintiff have writ of possession. There was afterwards a motion to vacate this judgment, which was overruled. Defendant appealed without any bill of exceptions.

There being no evidence to support the answer, and no

bill of exceptions to negative proof of plaintiff's title and damages, we must presume that the court had evidence to sustain the judgment.

The only error, averrable, must therefore be in the proceedings. The question concerns the action of the court in overruling the motion to transfer.

The answer upon which the motion was based does not appear to have been verified. That would not have been regarded as sufficient to have justified striking it from the files, or to have prevented a consideration of its contents, unless there had been a refusal to verify after order made to do so. 1.PRACTICE Verification of answer.

The defendant was not in default. He had appeared and answered. He was not compelled to appear and argue the motion. It was before the court for judicial determination, and should have been granted if found meritorious.

The answer contains no direct allegations of fraud. That should be distinctly charged in all cases in which it may be relied on. If not in direct language characterizing conduct and actions which appear fraudulent, at least by a clear statement of facts and circumstances, which unexplained would carry the conviction of fraud; in other words would be fraudulent *per se*. This court has often said that fraud must be specifically alleged. If there was any fraud at all it was in procuring letters of administration to be granted upon the estate of a person whose will had been probated, or who, in other words, was not intestate. 2. PLEADING: Fraud, how alleged.

The answer fails to state any other provisions of the will than that the lands were by it devised to defendant, Jackson. It fails to show whether an executor was appointed, or who, or when the will was probated, or that letters testamentary were issued. It appears that May Jackson died in March, 1882; that the sale was made

in November of that year, and the action of ejectment brought in July, 1883. The answer does not show why it was that Jackson, standing in the intimate relation of husband of the deceased, had during all that time failed to impetrate letters testamentary or letters of administration, *cum testamento annexo*, or to object to the appointment of a general administrator or the proceedings for sale, or to pay the trifling debt which was as much his own as his wife's. He does not attempt to show any finesse, craft or circumspection on the part of Reeve to mislead him or prevent the assertion of his rights.

3. ADMINIS-
TRATION:
Power of
probate
Court over
estate.

The probate of a will authorizes the grant of letters testamentary, but until letters be ordered it gives no jurisdiction over the estate—that is to make orders concerning its management or disposition. Courts of probate have general jurisdiction to grant letters of administration, and if there was any error in granting letters generally, instead of *cum testamento*, etc., it did not render the proceedings void. It was matter to be corrected by appeal.

We see no issues tendered by the answer which should have been sent to the Pulaski Chancery Court.

Affirm.