Amberson v. Candler, 17 N. M. 455.

[No. 1480, January 27, 1913.]

W. J. AMBERSON and SAM B. GILLETT, Appellants, v. JOHN K. CANDLER, Appellee.

### SYLLABUS (BY THE COURT).

1. An executor is without power to act, as such, until he has given bond as required by statute, unless bond shall have been waived by the testator or testatrix.

2. As a general rule all acts by an executor or administrator done in the due and legal course of administration are valid and binding even though the appointment is voidable and the letters issued by the court are afterward revoked or the incumbent discharged from his trust.

3. A grant of administration which is not void, although it may be voidable, is not open to collateral attack, either on the ground of irregularity in the proceedings; a mistake in the character of letters granted when a proper case for administration existed; that the grant was premature, or that the person to whom letters of administration have been granted was not entitled by priority to administer or lacked the necessary qualifications.

4. Although the probate court may fail to observe the requirements of the law in granting letters of administration, or make any mistake as to their character where a proper case for administration exists, yet having jurisdiction of the subject and the person, and being fully empowered to act by refusing or granting such letters, a person appointed becomes the administrator de facto, and the regularity of his appointment cannot be questioned in a collateral proceeding.

5. A mistake as to the character of letters issued does not render them and all acts performed by the executor or administrator void. The principle being that where a court has jurisdiction the judgment must be held conclusive except in a direct proceeding for its reversal.

Appeal from the District Court of Dona Ana County.

SAM B. GILLETT and F. G. MORRIS, for Appellants.

The probate judge has power to grant letters testamentary and of administration. Sec. 1935, C. L. 1897; Mumford v. Hull, 25 Minn. 347; Scott v. Monks, 14 Atl. 860; Sheldon v. Smith, 97 Mass. 34; Small v. Commonwealth, 8 Pa. St. 101; Fulcher v. Commonwealth, 26 Ky. 592; Moore, et al. v. Waller, 1 Marshall 488; Barbour, etc. v. Robertson's Heirs, 1 Littell, 95.

Powers of selling real estate by executors or administrators. Secs. 2065-6, C. L. 1897; Coy v. Gage, et al., 84 S. W. 441; Bray v. Neill's Executors, 21 N. J. Eq. 343.

If power of sale existed at all, it must be a public sale. Secs. 1960 and 2063, C. L. 1897; 28 N. E. 305; Words & Phrases, vol. 3, 4421; id. p. 4440; Banton v. Griswold, 50 Atl. 89; 95 Me. 445.

When a sale of real estate is required by law to be a public sale, a private sale is void and passes no title. Freeman on Void Judicial Sales, (4th ed.) sec. 32; Hutchinson v. Cassidy, 46 Mo. 431; Ellet v. Paxson, 2 W. & S. 418; Frambo v. Gantt, 12 Ala. 298; Wier v. Davis, 4 Ala. 442; McArthur v. Carrie, 32 Ala. 275; Gaines v. De La Croix, 6 Wall. 719; Neal v. Patterson, 40 Ga. 363; Ashurst v. Ashurst, 15 Ala. 781; Worten v. Howard, 2 S. & M. 527; Ventress v. Smith, 10 Peters, 161.

R. L. YOUNG, for Appellee.

Administrator's bond. Secs. 1944 and 2064, C. L. 1897; 1 Woerner Am. Law Administration; 18 Cyc. 82; McClure v. Colclough, 5 Ala. 65; 2nd ed. Woerner Am. Law. Admr. 719, sec. 339; Judge of Probate v. Claggett, 36 N. H. 381; Casoni v. Jerome, 58 N. Y. 315; Peebles v. Watts, Admr., 9 Dana 102; 11 A. & E. Ency. of L. 871; Mobberly v. Johnson, 78 Ky. 273; A. & E. Enc. of L., 868; id. 1055; id. 1157; 33 Am. Dec. 531; Hartzell v. Com., 42 Pa. St. 453; Rosey, Admr. v. Brasher, 33 Am. Dec. 299; Larco v. Casanueva, 30 Cal. 561.

Authority of executor or administrator to act as evidenced by letters testamentary. 18 Cyc. 141.

The sale and conveyance of land at an executor's sale by an executor as administrator is nothing more than an

irregularity which can not affect the title of a purchaser in good faith. Norman v. Olney, 64 Mich. 553.

There is nothing in the record in contradiction of the findings. 3 Cyc. 172; Choppin v. Wilson, 27 La. Ann. 444; Flint v. Jones, 5 Wis. 84; Territory, ex rel, George Parker v. The Mayor, etc. of Socorro, 12 N. M. 177.

As to the necessity for a previous adjudication by the probate court of sufficiency of the personal estate to pay debts. First Natl. Bank v. Lee, 8 N. M. 594; sec. 2282 C. L. 1897; McCullum v. McCullum, 33 Ala. 711; Larco v. Casanueva, 30 Cal. 561; sec. 1960 C. L. 1897.

As to necessity for a public sale of real estate. Sec. 2828 C. L. 1884; sec. 2064, 2065, C. L. 1897; 18 Cyc. 325.

As to the title of a purchaser of real estate conveyed by an executor acting under power of sale contained in the will. 11 A. & E. Enc. of L., 1053; La Rue v. La Rue, 3 J. J. Marshall, 156; 18 Cyc. 728; 2 Woerner Am. L. of Admr. (2nd ed.) sec. 464, p. 1119; 18 A. & E. Enc. of L., 938-940; 18 Cyc. 322.

Appellants have not embodied all the pleadings in the record, and this court cannot therefore consider exceptions to conclusions of law of the court below. 3 Cyc. 173; Davis v. Talbot, 47 N. E. 829; Brooker v. Easterly, 12 Kas. 149; 2 A. & E. Enc. of L., 1035.

SAM B. GILLETT and FRANK G. MORRIS, for Appellants, in reply.

Appointment of executor under the will is not effective without acceptance. Sec. 1966, C. L. 1897; sec. 1944, C. L. 1897; Am. & Eng. Enc. of L., vol. 11, p. 753; id. p. 756; Briscoe v. Wickliffe, 6 Dana 157; Ewing v. Sneed, 28 Ky. 459.

Limitation of right to sell real estate to pay debts. Sec. 2065, C. L. 1897; secs. 1867 and 1971, C. L. 1897; Bray v. Neill's Executors, 21 N. J. Eq. 343; First Natl. Bank v. Lee, 8 N. M. 594.

Statutory requirements of a public sale of real estate by an executor. Secs. 1960 and 2063, C. L. 1897.

Defendant required to plead specially as in other re-

actions under the code. Code of Civil Procedure, Act of March 21, 1907, p. 269 and sec. 2 of same act, p. 296.

### STATEMENT OF FACTS.

This is an action of ejectment for the possession of a tract of land situated in Dona Ana County, New Mexico, described as follows, to-wit:

"A tract of land bounded on the east by land formerly belonging to Ramon Ramos and Otto Bomback, on the west half of the old river bed of the Rio Grande, on the south by lands formerly belonging to Juan Fajardo and Martin Amador, and on the north by the lands formerly belonging to Agapito Sedillos. Said tract of land contains one hundred and forty-one and thirteen one hundredth acres (141.13), more or less."

The facts covered by stipulation of counsel are as follows:

"That on, to-wit, the first day of January, A. D. 1899, in the County of Dona Ana, Territory of New Mexico, one Thomas J. Bull departed this life testate; that on, to-wit, the 7th day of February, A. D. 1899, the last will and testament of the said Thomas J. Bull, deceased, was duly admitted to probate and probated in the Probate Court within and for the said County of Dona Ana, which county was the domicile of the said Thomas J. Bull at the time of his death.

That Benancia Padilla, who was named as executrix in said will with one Willis J. McGinnis, failed and re-fused to qualify, act or accept the trust.

That at the time of the death of the said Thomas J. Bull there was vested in him the legal title to the land in controversy in this suit.

That the appraised value of the personal estate of said Thomas J. Bull, deceased, was Sixteen Thousand Two Hundred and Ninety-three and 25.100 Dollars ($16,-293.25).

That on February 27th, 1900, approved and unpaid claims against the estate of said Thomas J. Bull, deceased, aggregated, to-wit, Ten Thousand Two Hundred and Seventy-eight Dollars ($10,278).

That on the 27th day of February, 1900, and from thence hitherto, the personal estate of Thomas J. Bull, deceased, was insufficient to pay and discharge all the just debts against his said estate.

That on the 27th day of February, 1900, Hiram Hadley purchased the property in controversy in this suit for the sum of Two Thousand in money, which amount was applied to the payment of claims against the estate of the said Thomas J. Bull, deceased.

That on the 27th day of February, 1900, Willis J. McGinnis was in possession of the premises in controversy in this suit, and that the sale of the said premises by the said McGinnis was a private sale.

That from and after the 27th day of February, 1900, to date, the said Hiram Hadley and his grantees and successors in interest, including John K. Candler, one of the defendants in this cause, have continuously been in exclusive, notorious, open, hostile and adverse possession of the premises in controversy in this cause.

That on, to-wit, the 15th day of January, A. D. 1904, by deed of that date reciting a consideration of one dollar, lawful money of the United States, to them in hand paid, Francisca Bull, widow of the said Thomas J. Bull, deceased, and Thomas R. Bull, grandson of the said Thomas J. Bull, deceased, remised, released, sold, conveyed and quit claimed to the said Hiram Hadley, and to his assigns forever, all their right, title, interest, claim and demand whatsoever in and to the premises in controversy in this cause, which deed was duly acknowledged, and filed for record on the 16th day of January, 1904, and recorded in Book of Deeds No. 23, at pages 533 and 534, in the office of the Probate Clerk and ex-officio recorder of Dona Ana County, New Mexico.

That Francisca Bull, surviving wife of the said Thomas J. Bull, deceased, departed this life on, to-wit, January 18th, 1911."

The facts found by the court in addition to those stipulated, are as follows:

"That the land and premises in controversy in this suit was acquest and community property at the time of the

execution of said will and at the time of the death of said Thomas J. Bull.

That the said Thomas J. Bull, deceased, by his last will and testament devised his one-half of said acquest and community property for life to his wife Francisca Bull, remainder over to Thomas R. Bull and Charles H. Bull.

That on February 27th, A. D. 1900, the premises in controversy in this suit were sold and conveyed to the said Hiram Hadley by Willis J. McGinnis, executor of the last will and testament of the said Thomas J. Bull, deceased, by deed of that date, acknowledged and executed on that date.

That the defendant and his predecessors and grantors have continuously paid all taxes which were and have been levied upon the land or interest in controversy in this cause for the years from 1900 to and including the first half of the taxes for the year 1911, both dates inclusive.

That the said defendant John K. Candler deraigned title by good and sufficient deed of conveyance from the said Hiram Hadley of the land and premises in controversy in this suit, all of which said deeds are duly recorded in the office of the Probate Clerk and ex-officio Recorder of the County of Dona Ana.

That at the said time of the execution of said deed by said Willis J. McGinnis, executor of the last will and testament of Thomas J. Bull, deceased, the said Willis J. McGinnis was executor of the last will and testament of said Thomas J. Bull, deceased, under bond.

That the said defendant John K. Candler is the owner of the land and premises in controversy in this suit.

That the plaintiffs have failed to maintain the issues on their part to be maintained."

The court found for the defendant, and the plaintiffs have appealed.

## OPINION OF THE COURT.

HANNA, J.—The several assignments of error in this case are very largely covered by the proposition of appellants set forth in their brief, in the following language:

"The court having issued McGinnis ordinary letters of

administration without reference to the will, and he having made the affidavit required of ordinary administrators, and not the affidavit required of administrators with the will annexed, and having given bond conditioned as for an ordinary administrator, and not one conditioned for the performance of the duties of an executor, which would have devolved on him if he had been appointed administrator with the will annexed, he was not authorized to sell real property to pay debts of the estate without an order of the District Court."

Appellants concede that the Probate Court of Dona Ana County entered an order on February 7, 1899, directing the issuance of letters of administration with the will annexed to Willis J. McGinnis and Benancia Padilla, upon giving a bond in the sum of $31,000.00, conditioned for the faithful performance of their trust, but contend that these persons never executed such a bond, and that no such letters ever issued to them; that, therefore, the order of said Probate Court was ineffectual as an appointment and was superseded and nullified by the ordinary letters of administration issued to Willis J. McGinnis on February 10, 1899.

We will, therefore, first direct our attention to the question of the status of Willis J. McGinnis, at the time he executed the conveyance for the land in question. The conveyance was dated February 27, 1900, and the grantee was described as executor of the estate of Thomas J. Bull, deceased. This deed was executed in an attempted exercise of the power of sale conferred upon the executors by the last will and testament of Thomas J. Bull, as set forth in item five thereof, in the following language:

"Fifth. In the event that my personal estate shall not be sufficient to pay and discharge all my just debts, I HEREBY DIRECT AND EMPOWER my said executors to sell and dispose of sufficient of my real estate to pay and discharge the same."

The facts stipulated by counsel disclose that Benancia Padilla failed and refused to qualify as executrix, and the record discloses that Willis J. McGinnis, who was ap-

pointed an executor by the terms of the will, on February 10, 1899, filed an oath and bond wherein he is styled administrator, and that ordinary letters of administration were issued to him. No order of the Probate Court, directing the issuance of letters, other than the one of February 7, 1899, referred to supra, appears to have been issued.

It is argued by appellee that under the common law the power of an executor to sell real estate was not derived from the order of appointment or the letters issued by the court, but from the will itself. We are not disposed to question that the rule was as stated at the common law, but we find that this rule has been changed in many of the states where the rule is largely repudiated. In those numerous states which have departed from the common law rule, the statutes provide that after probate of any will, letters testamentary shall be granted to the persons therein appointed executors. But such letters cannot be granted unless they qualify by giving bond, taking oath of office, etc. In several states the executor is absolutely prohibited from acting without giving bond, etc., in others it has been held that the executor is prohibited from acting by necessary implication as plainly as though the prohibition were direct. Stagg v. Green, 47 Mo. 500.

An examination of our statute upon this subject seems to be conclusive upon the question of the authority of an executor to act prior to giving a bond. The statute referred to is sec. 1940 of the Compiled Laws of 1897, which is as follows:

"After probate of any will, letters testamentary shall be granted to the person or persons therein appointed executor or executors, if a part of the persons thus appointed refuse to act, or be disqualified, the letters of administration shall be granted to the person to whom administration would have been granted if there had been no will. When there are two or more persons named executors in a will, none shall have the power to act as such except those who give bond." (See also sec. 1944, C. L. 1897.)

We are of the opinion, therefore, that an executor is without power to act, as such, until he has given bond as required by statue unless bond shall have been waived by the testator or testatrix.

This brings us to the question of the sufficiency of the bond given by McGinnis in his attempt to comply with the order of the Probate Court, directing the issuance of letters of administration with the will annexed to him and his co-executor, upon entering into bond with two or more good and sufficient sureties. In this connection it is urged by appellee that the questions raised by the several assignments of error amount to a collateral attack upon the acts of the executor.

It has been established as a general rule that all acts by an executor or administrator done in the due course of administration are valid and binding, even though the appointment is voidable and the letters issued by the court are afterward revoked or the incumbent discharged from his trust. Vol. 18 Cyc. 141.

It is also laid down as a general rule that a grant of administration which is not void, although it may be voidable, is not open to collateral attack, either on the ground of irregularity in the proceedings; a mistake in the character of letters granted when a proper case for administration existed; that the grant was premature, or that the person to whom letters of administration have been granted was not entitled by priority to administer or lacked the necessary qualifications. Vol. 18 Cyc. 141-143.

We have noted the point made by the appellants that they do not attack the appointment; that they merely contend that the appointment is that of an ordinary administrator and that, therefore, the power of sale given in the will could not be exercised by this ordinary administrator. We are of opinion, however, that this case falls within the subdivision of the last general rule stated above, of "a mistake in the character of letters granted where a proper case for administration existed."

It is quite clear from the record in this case that a mis-

take was made in the character of letters issued to McGinnis. We are, therefore, of the opinion that although the probate court may fail to observe the requirements of the law in granting letters of administration or make any mistake as to their character where a proper case for administration exists, yet having jurisdiction of the subject and the person, and being fully empowered to act by refusing or granting such letters, a person appointed becomes the administrator de facto, and the regularity of his appointment cannot be questioned in a collateral proceeding. We are fully convinced, and, therefore, hold that a mistake as to the character of letters issued does not render them and all acts performed by the administrator void. The principle being that where a court has jurisdiction, the judgment must be held conclusive except in a direct proceeding for its reversal. The reason and the necessity of this rule is well stated in the case of Wight v. Wallbaum, et al., 39 Ill. p 554 et seq., from which we quote, at p. 565, as follows:

"From the whole tenor of the legislation of our state we are unable to perceive, that, whether the grant of such letters be a judicial or a ministerial act, it was ever designed that in a proper case for the grant of letters, any mistake, as to their character, should be held to render them, and all acts performed by the executor or administrator, void. Such a policy would be attended with great inconvenience, injury and loss to estates. Persons would be deterred from becoming purchasers at sales of real and personal estates, and debtors would not know whether they could make payment with safety. It can hardly be supposed that it was designed that, when a case had arisen, authorizing the grant of letters, whether the act be judicial or ministerial, a mistake of the officer, as to whether they should be of the ordinary character, or with the will annexed, whether to one person or another, or as to the sufficiency of the security, should render all acts performed under them void. But it must have been intended that the letters should be good, and the acts valid, until they should be revoked. Then,

whether the will was properly proved or not could not effect the letters until repealed, or the sale of the property by the administrator."

A case more nearly in point with the case now under consideration is Jackson v. Reeve, 44 Ark. 496. In both cases, last referred to, the action was in ejectment, as is the case at bar, and the questions raised were similar to those now under consideration. In the last opinion, the court says:

"The probate of a will authorizes the grant of letters testamentary, but until letters be ordered it gives no jurisdiction over the estate—that is to make orders concerning its management or disposition. Courts of probate have general jurisdiction to grant letters of administration, and if there was any error in granting letters generally, instead of cum testamento, etc., it did not render the proceedings void. It was a matter to be corrected by appeal."

Further, with respect to the contention of appellants they do not attack the appointment, but merely contend that the appointment being one of ordinary administration, the power of sale, under the terms of the will, could not be exercised, we would say that we have disposed of this question by our opinion in the case of Bull v. Bal, 130 Pac. 259, handed down at the present term, in which case we hold that reference should be made to the order of appointment for the purpose of determining the character and status of one assuming to administer upon an estate. That case and this growing out of the same state of facts and involving the same contentions, must be determined by the same reasoning as well as authority and, therefore, this case, so far as its merits are concerned, is determined by our opinion in the case referred to, i. e. Bull v. Bal, 17 N. M. 466.

The other errors assigned, with the exception of that referring to the bar of the action by limitation, are equally a collateral attack upon the proceedings had in the probate court.

Finding it unnecessary to decide the question of the bar of the action by our statute of limitation, and for

the reasons given, we overrule the assignment of error,. dismiss. the appeal and affirm the judgment of the court below.

### SYLLABUS (BY THE COURT).

