310 P.2d 1039

O. F. MILLER, Administrator of the estate of Nettie Miller, deceased, and O. F. Miller, individually, Plaintiffs-Appellants,

v.

Glenn G. STIFF, Administrator of the estate of Thomas J. Teel, deceased, Defendant-Appellee.

No. 6171.

Supreme Court of New Mexico.

May 3, 1957.

384

Bean, Osborn & Snead, Roswell, for appellants.

Atwood & Malone, Roswell, for appellee.

McGHEE, Justice.

This appeal raises the question whether a right of indemnity under a liability insurance policy issued to a nonresident decedent by a company authorized to do business in this state, and subject to process, here, is sufficient to support the appointment of an administrator for the estate of such decedent in the county in which he died following an automobile collision between his car and that of the plaintiff in which the plaintiff Miller was injured and his wife died.

Upon petition to the probate court of Chaves county by the plaintiff as a creditor, the defendant was appointed administrator of the estate of T. J. Teel, deceased. Thereafter plaintiff brought this action against the defendant under § 64-24-3, N.M.S.A. 1953 Comp. to recover for his personal injuries and the wrongful death of his wife alleging the negligence of defendant's decedent.

Upon defendant's motion, the cause was dismissed upon the ground there was no proper defendant before the court because the probate court lacked jurisdiction to appoint an administrator of Teel's estate since Teel had no estate in New Mexico to be administered.

No question was raised respecting the standing of the plaintiff as a creditor.

The facts were stipulated, as follows:

"1. That defendant's decedent died in Chaves County, New Mexico following an automobile accident which occurred in Lincoln County, New Mexico. That at the time of his death, decedent was a resident of Oklahoma, transient in New Mexico.

"2. That at the time of death, decedent left an estate in Oklahoma consisting of real and personal property, upon which administration was had, and which administration was completed prior to the institution of the present action. That at the time of death there was trivial personalty in this jurisdiction consisting of a wrecked automobile and personal effects, all disposed of or removed from this jurisdiction prior to the appointment of an administrator in this jurisdiction.

"3. That the resident administrator was appointed on petition of the plaintiff as a creditor, and was patently for the purpose of bringing suit.

"4. That the only asset of the estate, if it be such, in this jurisdiction is a right of indemnity under a policy of automobile liability insurance

covering the automobile which decedent was driving at the time of the accident. That the insurance policy was written by an insurance company licensed to do business in this state, and amenable to process in this jurisdiction in a proper case."

The plaintiff, as appellant, first argues the order of the probate court is not open to collateral attack.

Mere irregularities in probate proceedings do not render the questioned action a nullity, although the action may be voidable upon direct attack. Amberson v. Candler, 1913, 17 N.M. 455, 130 P. 255. The rule is otherwise where a lack of jurisdiction affirmatively appears from the record. Baca v. Buel, 1922, 28 N.M. 225, 210 P. 571.

If the presence of assets within the county is a jurisdictional prerequisite to support administration of the estate of a nonresident who died within the county, and if the claimed asset may not be so characterized, then, under the stipulated facts, the jurisdictional defect appears on the face of the record.

Our statute, 31–1–3, N.M.S.A. 1953 Comp., provides:

"Letters testamentary and of administration shall be granted in the county in which the mansion, house or place of abode of the deceased is situated. If he had no mansion, house or place of abode at the time of his death, and be possessed of lands, letters shall be granted in the county in which the lands, or a part thereof, lie. *If the deceased had no mansion, house or place of abode, and was not possessed of lands, letters may be granted in the county in which he died or where the greater part of his estate may be;* if he died out of the state, having no mansion, house or place of abode, or lands within this state, letters may be granted in any county in which any personal estate of the deceased may be." (Italics supplied.)

There is considerable authority that the existence of assets of a decedent is not a universal jurisdictional requirement to support administration of his estate. In 3 Beale, Conflict of Laws (1935 Ed.) § 467.3 it is pointed out, "The word *assets,* as early used by the courts of probate, is the Norman French 'assetz,' the modern French 'assez,' meaning sufficient, enough." See also Bancroft, Probate Practice (2d Ed., 1950) §§ 30, 258.

It is said in the Restatement, Conflict of Laws, § 467, under Comment A that at common law any state has jurisdiction to appoint an administrator for a decedent where there is reason to believe there is some function for him to perform in settling a decedent's estate and that if he

is appointed in the absence of such circumstance and it later develops there is some occasion for him to act, his appointment and any action taken are valid.

Such is the rule of In re Tasanen's Estate, 1903, 25 Utah 396, 71 P. 984; and Gordon v. Shea, 1938, 300 Mass. 95, 14 N.E.2d 105.

Our statute by its most literal reading does not seem to make the existence of assets, in the sense urged by the defendant, a jurisdictional requirement under the present circumstances; but if assets are required under reasonable construction, then an asset does exist in this state.

While the question is new to this jurisdiction, it has been held by other courts that a right of indemnity under a liability insurance policy constitutes an asset of a decedent's estate. The authorities are collected in the following annotations: 94 A.L.R. 1441, 133 A.L.R. 565, 34 A.L.R.2d 1270.

Cases to the contrary are In re Rogers' Estate, 1948, 164 Kan. 492, 190 P.2d 857, and In re Roche's Estate, 1954, 16 N.J. 579, 109 A.2d 655 (a four-to-three decision). The Kansas case reasoned that if rights under an indemnity policy constitute assets of a nonresident insured's estate prior to the establishment of liability of his estate to third persons, the situs of such asset is at the domicil of the nonresident, following its established

choice of the doctrine the situs of personal property is transitory prior to the owner's death and follows him wherever he may be, but after his death its situs becomes fixed at the place of his domicil. The New Jersey case followed the reasoning of the Kansas court. It is significant that in both of these cases the statutes respecting negligent nonresident operators of motor vehicles differed from that of New Mexico in that they did not allow for service on executors or administrators.

The case of Wheat v. Fidelity & Casualty Co. of New York, 1953, 128 Colo. 236, 261 P.2d 493, held the application of the creditors for administration had not been timely made and also approved the Kansas case.

In Feil v. Dice, D.C.1955, 135 F.Supp. 851, a case arising in Idaho, it was held that even if such a right of indemnity constituted an asset, it must have its situs either in the county where the accident occurred or where the nonresident insured died. In the absence of an Idaho decision to the contrary, the federal court would not declare the right constituted an asset which would support administration elsewhere.

The defendant urges that we should follow the Kansas decisions because at common law the situs of personal property is at the residence or domicil of the owner, and there being no statutory or decisional

rule to the contrary in New Mexico the matter is controlled by common law.

While the matter is debatable historically, it was long ago settled in most courts that "for the purpose of founding administration all simple contract debts are assets at the domicile of the debtor", Wyman v. Halstead, 1884, 109 U.S. 654, 3 S.Ct. 417, 418, 27 L.Ed. 1068. All that is necessary for the appointment is the mere allegation of a debtor in the state, for the truth of the allegation can only be tried when the alleged debtor is a party. 3 Beale, Conflict of Laws, § 467.3. The same rule is applied to any demand or right of claim. Gordon v. Shea, 1938, 300 Mass. 95, 14 N.E.2d 105, and authorities therein cited.

It is argued the right of indemnity could not be an asset because no judgment has been recovered against Teel's estate so as to make the right of indemnity a debt. We agree with the reasoning of the court in Robinson v. Dana's Estate, 1934, 87 N.H. 114, 174 A. 772, 775, 94 A.L.R. 1437, 1440: "Although performance of the promise claimed as estate is not yet due and will not be until its conditions are fulfilled, it is an obligation of a contractual nature. It is estate, in the statutory meaning, owned by the decedent when he died. The event had taken place on account of which he was entitled to protection if certain things were done. The claim which was then his is no different, to constitute estate, than an unmatured note."

The lower court erred in ruling the defendant was not properly before it as administrator of the estate of T. J. Teel, deceased. The case is reversed and remanded with direction that plaintiff's proceeding be reinstated and for further proceedings consistent herewith.

It is so ordered.

LUJAN, C. J., and SADLER, COMPTON and KIKER, JJ., concur.