328 P.2d 942

Marcus E. KIMBELL, Hill Lines, Inc., a corporation, and Transport Insurance Company, a corporation, Plaintiffs-Appellants,

v.

Willis A. SMITH, Jr., Administrator of the Estate of Stanley Keith Jackson, deceased, Defendant-Appellee.

No. 6400.

Supreme Court of New Mexico.

Aug. 8, 1958.

Botts, Botts & Mauney, Albuquerque, for appellants.

Rodey, Dickason, Sloan, Akin & Robb, Charles B. Larrabee, Albuquerque, for appellee.

SHILLINGLAW, Justice.

Plaintiffs, appellants here, filed their complaint in the District Court of Bernalillo County in three counts. The first count was for the personal injuries of plaintiff Marcus E. Kimbell, wherein he alleged negligence on the part of the defendant's intestate and prayed for damages in the amount of $35,000 and costs. The second count was an allegation of negligence of defendant's intestate whereby plaintiff Hill Lines, Inc., suffered alleged damages to its vehicle in the sum of $7,168.81 and damage to cargo in the amount of $917.63. The

third count was by plaintiff Transport Insurance Company praying $589.28 workmen's compensation payments and $878.87 medical expenses paid to and on behalf of the injured workman Kimbell.

The facts in this case are embodied in a stipulation of counsel which reads as follows:

"That defendant's intestate died in St. Clair County, State of Illinois, on or about July 12, 1956. Prior to his death, decedent had been involved in an automobile collision which occurred in Torrance County, New Mexico; that at the time of decedent's death he was a resident of Illinois; that at the time of said automobile collision, defendant's intestate was a resident of the State of Illinois and not a resident of New Mexico.

"That the resident administrator was appointed on petition of defendant as a creditor, and was patently for the purpose of allowing suit to be brought against him; that the applicant for Letters of Administration for the estate of decedent is a resident of Bernalillo County, New Mexico.

"That at the time of decedent's death, the only asset of the estate of decedent to be considered here is a right of indemnity under a policy of automobile liability insurance covering the automobile which decedent was driving at the

time of a collision occurred in Torrance County, New Mexico, on or about January 17, 1956; that the insurance policy was written by Maryland Casualty Company, which company is authorized and licensed to do business in New Mexico; that the statutory agent for service of process for such company is R. A. Apodaca, whose office and residence address is Santa Fe, Santa Fe County, New Mexico; that no administrator has been appointed in Illinois for the administration of decedent's estate there.

"That plaintiffs herein claim damages against defendant as administrator of the estate of decedent, arising out of the collision which occurred in Torrance County, New Mexico, on or about January 17, 1956.

"That decedent had no mansion, house or place of abode or lands within the State of New Mexico at any time material hereto."

The defendant filed a motion to dismiss for failure to state a claim upon which relief could be granted. Upon argument of counsel presented to the trial court upon the stipulation of facts, the court found there was no personal asset of the decedent in Santa Fe County, New Mexico, to warrant the appointment of the defendant administrator by the Probate Court of Santa Fe County and that the appointment was null and void. Upon these findings, the trial court ordered dismissal of the complaint.

It is appellants' contention that under our holdings in Miller v. Stiff, 62 N.M. 383, 310 P.2d 1039, and in In re Reilly's Estate, 63 N.M. 352, 319 P.2d 1069, there were assets in the instant case within the state of New Mexico and within Santa Fe County which were sufficient to support the granting of administration upon the estate of the nonresident decedent.

We held in Miller v. Stiff, supra, that the right of indemnity under a liability policy issued to a nonresident motorist constituted an asset of the deceased motorist's estate sufficient to support appointment of an administrator for the estate of the motorist in the county in which he died following an automobile collision, even though no judgment had been recovered against the motorist's estate so as to make the right of indemnity a debt. The administration was accomplished there under the provisions of § 31–1–3, N.M.S.A.1953:

"* * * If the deceased had no mansion, house or place of abode, and was not possessed of lands, letters may be granted in the county in which he died or where the greater part of his estate may be; * * *".

Appellee seeks to distinguish the instant case from Miller v. Stiff in that there the decedent died in Curry County, New Mexico. Admittedly this is true, but in the

Stiff case administration was granted under the provisions of § 31–1–3 quoted above. In this case, the administration was granted under the following clause of § 31–1–3, N.M.S.A.1953:

"* * * if he died out of the state, having no mansion, house or place of abode, or lands within this state, letters may be granted in any county in which any personal estate of the deceased may be."

Holding as we did in the Stiff case that the right of indemnity under the policy was an asset, we conclude that as a matter of course it was an asset in this case and that the trial court should have overruled the motion to dismiss.

 It does not appear from the record in this case upon what basis the Probate Court of Santa Fe County granted the letters of administration. We might add that unless lack of jurisdiction affirmatively appeared from the record of the probate proceedings, the probate action was not subject to collateral attack. Miller v. Stiff, supra; Baca v. Buel, 28 N.M. 225, 210 P. 571. However it appears that the plaintiff below did not raise such question and, as hereinabove noted, the matter was heard by the trial court on the stipulation set forth.

Appellee contends there are compelling reasons why we should sustain the lower court—namely, the opportunity for fraud and collusion. If that be true and the legislature so agrees, then the legislature may qualify the right for administration that we here hold exists.

The order of the lower court is reversed with instructions to set aside the dismissal of the complaint and the case is remanded for further proceedings consistent with this opinion.

It is so ordered.

LUJAN, C. J., and SADLER, McGHEE, and COMPTON, JJ., concur.