S. Samuel Di Falco, S.
The petitioner in this proceeding to revoke letters of administration is in the somewhat unusual status of a potential defendant in a lawsuit, and it seeks the revocation of letters of administration for the purpose of forestalling the lawsuit at its very inception. The decedent, a nonresident alien, was a shipowner. He died in France. The petitioner is a corporation organized under the laws of the Republic of Panama, with its office and place of business in the Dominion of Canada. It is conceded that in 1951 the decedent and the petitioner entered into a charter party agreement for a vessel owned by the decedent. One of the provisions of the agreement was for the arbitration in New York of any dispute between the parties. It is also conceded that a New York corporation, Isbrandtsen Company, Inc., which has its principal office in the County of New York, guaranteed in writing the petitioner’s performance of the agreement.
*899 The Public Administrator of the County of New York applied for and obtained letters of administration on the estate of the decedent. His petition alleged that the decedent was a nonresident alien who died outside the State, leaving property within the County of New York. The petition explicitly refers to a claim for approximately $35,000 against Isbrandtsen Company, Inc.
The petitioner urges several reasons for the revocation of letters. Counsel agreed to submit to the court preliminarily the question of law, whether this court had jurisdiction to issue letters of administration upon this estate. In connection with the submission of this question, all parties concede the making of the charter party agreement and the guarantee in the forms annexed to the petition herein as Exhibit A.
It is also conceded by the parties that the Public Administrator has asserted claims which allegedly arise out of the charter party agreement, that the petitioner has refused to arbitrate the dispute, and that the administrator instituted a proceeding in the United States District Court to compel the petitioner to arbitrate the claims. An attack was made upon the administrator’s status and the Federal court proceeding is being held pending the outcome of the proceedings in this court.
“ Jurisdiction is a matter of power ” (Holmes, J. in Lamar v. United States, 240 U. S. 60, 64), and when we speak of jurisdiction over a decedent’s estate as between one State or country and another we mean such power to deal with particular assets as that State or country is able to enforce or such authority as other States and nations generally are willing to concede as residing in the State which asserts jurisdiction. “ The existence and extent of jurisdiction thus depend rather on what the other states concede than on what the state in question claims.” (2 Page, Wills [Lifetime ed.], § 559.) The result is that States and nations have come to recognize certain principles of jurisdiction over decedent’s estates and to recognize the authority of one State or another to act in particular circumstances. With respect to appointment, the rule stated in the Eestatement of Conflict of Laws is that an administrator may be appointed by a competent court of a State where the decedent was domiciled at the time of his death or a State “ where there are assets of the decedent at the time of the death of the decedent or at the time of the appointment of the administrator ”, or a State where there is jurisdiction of the person or property of a person alleged to have killed the decedent by wrongful act (§ 467).
Section 45 of the Surrogate’s Court Act is not intended as an assertion by the State of New York of jurisdiction as against *900 other States or nations, nor is it intended as a limitation of authority which other States regard it as possessing. It represents rather a parceling of its recognized authority among its own courts so that some have power to act in certain circumstances and other courts in other circumstances. Section 45 states the instances in which one court has exclusive jurisdiction and section 46, those in which courts may initially have concurrent jurisdiction. Section 47 defines the situs of a debt for the purpose of determining jurisdiction as prescribed in the two preceding sections. It will be noted that the terms of these statutes follow the general rules governing jurisdiction and attempt to confer on the individual courts only the broad general jurisdiction generally regarded as possessed by the State itself. We may, therefore, in discussing the jurisdiction of the Surrogate’s Court of New York County, consider the authorities which deal with jurisdiction over administrators in general.
Professor Beale’s treatise on the Conflict of Laws contains an excellent discussion of the question of jurisdiction to appoint an administrator in the State where the debtor resides. He says:
“A simple contract debt is ordinarily said to be assets at the domicil of the debtor; and if after the death of the creditor the debtor changes his domicil, the debt becomes assets at the new domicil of the debtor. This does not mean that in the eye of the law the title to the chose in action vests in the administrator at the domicil of the debtor; if so, it would give no ground for a new appointment after a change of domicil. What we mean by saying that a debt is assets at the domicil of the debtor is that the existence of the debt is sufficient cause for the appointment. The word assets, as early used by the courts of probate, is the Norman French ‘ assetz,’ the modern French 1 assez, ’ meaning sufficient, enough.
‘ ‘ Since a debtor to the estate can only be compelled to pay by some court which has jurisdiction over him, and since no administrator may sue except in a court of the state which appointed him, it is obvious that if the debt is to be collected it must be possible to have an administrator appointed in that state. The one state where a jurisdiction over a person may be obtained is the state of his domicil. An administrator may therefore always be appointed at the domicil of a debtor to the estate, even if the debtor moved into the state after the death of the creditor. All necessary for the appointment is the mere allegation of a debtor in the state; for the truth of the allegation can be tried only when the alleged debtor is a party. ’ ’ (Vol. 3, pp. 1452-1453.)
In a case where the debtor is not domiciled within the State where the appointment is sought but is merely temporarily *901 present there, the authorities are not in complete agreement on the matter of appointing an administrator. As Professor Beale points out, “it is not a question of jurisdiction in the international sense ”, for if such an appointment were made, other jurisdictions would recognize it and afford a defense to further suit on the claim prosecuted by that administrator (ibid, § 467.4). In the absence of a statutory provision, the common-law doctrines of conflict of laws apply, and would seem to call for a refusal to appoint an administrator where the debtor was only temporarily within that State (ibid, p. 1454). In New York, the General Term of the Supreme Court upheld the authority of a Surrogate to appoint an ancillary administrator of a nonresident intestate when the only apparent asset in the county was a cause of action against a North Carolina debtor who was temporarily in New York. (Fox v. Carr, 16 Hun 434.) The court said (p. 439): “ The result of such examination as we have been able to give to the subject is, that the claim in suit was assets in this State, the defendant not having paid it or been sued upon it in North Carolina or elsewhere, at the time when the plaintiff took out letters here and commenced the present, action. * * * If the views above expressed are correct, the claim in suit ceased to be assets in North Carolina and became assets here by the voluntary act of the debtor in coming into this State, followed by suit, brought in good faith, against him here.”
The decision in this case was rendered just prior to the enactment of the code provision which is now section 47 of the Surrogate’s Court Act (see Throop’s Ann. Code of Civ. Pro., § 2478 and note). It was based upon general principles of law although the court was required to find that the debt was an asset within the territorial jurisdiction of the Surrogate who made the appointment. Perhaps the text of the later statute might limit the effect of that decision. In any event, while the reasoning of the court in support of the appointment of an administrator in such a case is cogent, the facts in the present case do not require this court to go to such lengths.
Turning to the conceded facts in the case now before the court, the estate of the decedent claims a right of action against a domestic corporation which has its principal place of business in the County of New York. That claim is an asset within this county and it provides a basis of jurisdiction under general principles of law and under sections 45 and 47 of the Surrogate ’s Court Act. The petitioner argues that a claim against a guarantor does not constitute property within this jurisdiction, because it is a contingent claim and requires other transactions or proceedings before an action can be successfully maintained *902 against the guarantor. The parties are in disagreement as to the nature of the agreement made with Isbrandtsen Company and as to whether it was a conditional or an absolute guarantee. That corporation is not a party to the present proceeding. This court is not required to determine in advance whether an administrator who asserts a claim will ultimately be able to recover upon it. It is sufficient that the administrator in good faith, asserts a claim against a resident debtor. The claim is an asset of this estate within the jurisdiction of this court and justified the appointment of the administrator by this court.
The parties have also argued the question whether the right to compel arbitration in New York provides a sufficient basis for authority to appoint an administrator in this county. It is unnecessary for this court to determine at this time whether it would have authority to appoint an administrator if there were no other assets within this county except such a contract claim against a nonresident. The claim against Isbrandtsen Company furnishes legal basis for the appointment of an administrator. The authority of that administrator was in no way limited or circumscribed by the terms of the order which appointed him. An administrator duly appointed within this State may perform all necessary transactions in the administration of the estate within this State, and he may sue in any court in this State or in any other court which permits suits by New York fiduciaries. That is not to say that he may administer property outside the State or that he may perform acts and transactions which are generally regarded as beyond the competence of the courts of this State to authorize. He is, however, a duly appointed representative and his authority is in no way limited to the collection of the single asset which may have furnished the basis for his appointment. If a nonresident debtor should come within the jurisdictional limits of a court so that jurisdiction over its person can be obtained, the New York administrator may maintain an action against the nonresident debtor, notwithstanding the fact that this cause of action did not provide any justification for its original appointment.
The court therefore holds that it had jurisdiction to grant letters of administration to the Public Administrator.
Other questions which are urged by the petitioner raise questions of fact which are controverted. This matter is therefore placed upon my calendar for hearing on the 20th day of September, 1960, at 11:30 a.m.