392 P.2d 417

STATE of New Mexico ex rel. Burk F. SCOTT, Jr., Administrator of the Estate of Burk F. Scott, Deceased, Relator,

v.

The Honorable Frank B. ZINN, Judge of the District Court of the Eleventh Judicial District of the State of New Mexico, Respondent.

No. 7477.

Supreme Court of New Mexico.

May 18, 1964.

Tansey, Wood, Rosebrough & Roberts, Farmington, for relator.

Edward M. Campbell, Farmington, for respondent.

CARMODY, Justice.

We are faced in this proceeding in prohibition with the question of whether or not the New Mexico courts have jurisdiction over a foreign administrator in a suit brought against him in his administrative capacity, summons having been personally served upon him while he was residing in this state.

Relator was appointed the administrator of his father's estate in Texas, and was sued in San Juan County, New Mexico, solely in his capacity as "Administrator of the Estate of Burk F. Scott, Deceased." The decedent was killed in an automobile accident in Colorado and the suit was brought by a passenger who had been riding in the automobile. The complaint alleged that the sole asset of the estate in this jurisdiction was "a right of indemnity under a policy of automobile liability insurance." There were no ancillary proceedings instituted in New Mexico. Following service of process, relator appeared specially and moved to quash. Upon respondent's denial of the motion to quash, this original proceeding was filed before us.

The generally accepted rule, absent exceptional circumstances, is that the personal representative of a decedent cannot be sued in an action at law in a state other

than that of his appointment, unless ancillary letters of administration have issued. 21 Am.Jur., Executors and Administrators, § 985. This was a rule at common law (Vaughan v. Northup, 1841, 40 U.S. (15 Pet.) 1, 10 L.Ed. 639), and the question is whether our statute changes the common-law rule.

Section 31-2-9, N.M.S.A. 1953, provides as follows:

"An executor or administrator duly appointed in any other state or territory or foreign country may sue or be sued in any court in this state in his capacity as executor or administrator, in like manner and under like restrictions as a nonresident may sue or be sued."

Comparable statutes have been enacted in several jurisdictions throughout the United States, and the courts have held, almost uniformly, except in equitable actions where there are assets in the forum, or where in rem jurisdiction attaches, that the suit against the nonresident representative may not be entertained. See Helme v. Buckelew, 1920, 229 N.Y. 363, 128 N.E. 216; McMaster v. Gould, 1925, 240 N.Y. 379, 148 N.E. 556, 40 A.L.R. 792; Farnsworth v. Hubbard, 1954, 78 Ariz. 160, 277 P.2d 252; Knoop v. Anderson (N.D. Iowa, 1947), 71 F.Supp. 832; Brown v. Hughes (M.D.Pa. 1955), 136 F.Supp. 55; Feldman v. Gross (N.D. Ohio 1952), 106 F.Supp.

308. See also Restatement, Conflict of Laws §§ 512, 513, and 514 (1934), and Restatement of the Law, § 512 Comment b (1948 Supp.).

■ There are at least two reasons why, in such a situation as we have here present, the foreign administrator should not be subject to suit: (1) The New Mexico court does not have jurisdiction over the subject matter, i. e., the estate, and therefore any judgment would be void; and (2) even though the administrator as an individual is present in this state, he is not really present in his administrative capacity—he must be present in this state as administrator before judgment in personam can be entered against him.

■ We would observe that this case does not fall within any of the exceptions, recognized by some courts, in which it is held that jurisdiction over a foreign executor or administrator attaches in equity actions where there are assets within the forum. See cases cited in Annot., 53 A.L. R.2d 323, and Restatement, supra, § 514 Comment b. However, we withhold any expression of opinion on this question until a proper case is presented.

With respect to the allegation that the sole asset of the estate in New Mexico was a right of indemnity under a policy of automobile liability insurance, we take note of Miller v. Stiff, 1957, 62 N.M. 383, 310 P.2d

1039, and Kimbell v. Smith, 1958, 64 N.M. 374, 328 P.2d 942. Each of these cases involved the appointment of an administrator for a nonresident decedent following an automobile accident occurring within New Mexico, and held that a liability policy was an asset of the estate, sufficient to support the appointment of an administrator. See also In re Reilly's Estate, 1957, 63 N.M. 352, 319 P.2d 1069, involving a similar problem as an outgrowth of an airplane accident occurring within this state. The situation in the instant case, where there has been no attempt to institute any type of administration proceedings in this state, and where the accident occurred outside the territorial limits of New Mexico, is far different from that before the courts in the above cited cases. (Annotations on this subject are also to be found in 34 A.L.R.2d 1270 and 67 A.L.R.2d 936.) The issue is not before us of whether, under the circumstances here present, the existence of such a policy might be sufficient to give the New Mexico courts jurisdiction to appoint an administrator, ancillary or otherwise.

The relator, in his capacity as administrator of the estate in Texas, is not subject to suit at law in New Mexico for the alleged torts of the decedent in Colorado. Under the facts before us, relator's role as administrator exists only within the four corners of the state of his appointment and does not extend extraterritorially.

The alternative writ of prohibition will be made permanent. It is so ordered.

COMPTON, C. J., and CHAVEZ, NOBLE and MOISE, JJ., concur.