442 P.2d 804

**Lucy G. McKENZIE, Individually and as Personal Representative and Executrix of the Last Will and Testament of Mervyn D. McKenzie, Dec'd, and Elsa Z. Gibbe, Individually, and as Personal Representative and Administratrix of the Estate of Juan Zehtner, Deceased, Plaintiff-Appellant, (Elsa Z. Gibbe),**

v.

**K. S. N. COMPANY, Inc., Diversified Mining, Inc., and Bill Werd, as Executor of the Last Will and Testament of Robert C. Kirchman, Defendants-Appellees.**

No. 134.

Court of Appeals of New Mexico.

June 21, 1968.

Walter K. Martinez, Grants, for appellant.

James T. Paulantis, Iden & Johnson, Albuquerque, John W. Reynolds, Robertson & Reynolds, Silver City, Bryant, Maxwell, Guilford & Sheahan, Los Angeles, Cal., for appellee.

## OPINION

WOOD, Judge.

The issue is the authority of the probate court to grant letters of administration under that portion of § 31–1–3, N.M.S.A. (1953) which reads:

"* * * if he died out of the state, having no mansion, house or place of abode, or lands within this state, letters may be granted in any county in which any personal estate of the deceased may be."

Decedent, Juan Zehtner, had neither mansion, house, place of abode nor lands in New Mexico. The only personal estate asserted is a cause of action for wrongful death. Under the facts of this case, the district court concluded that the probate court had no authority to issue letters of administration in the Zehtner estate, and dismissed the complaint of Elsa Z. Gibbe, individually and as administratrix of the Zehtner estate. She appeals.

Decedent Zehtner was an Austrian National permanently residing in Mexico. He was in an airplane crash in the State of Chihuahua, Mexico. The complaint alleges that Zehtner suffered injuries in the crash which resulted in his death; that the crash resulted from the negligence of defendants. The record does not show the place of the alleged negligence; we assume the alleged negligence occurred in Mexico.

"Is the claim for wrongful death of a non-resident whose wrongful death occurred outside the state 'personal estate' sufficient for the issuance of letters of administration?"

Trujillo v. Prince, 42 N.M. 337, 78 P.2d 145 (1938) held that a New Mexico probate court had jurisdiction to appoint an administrator to enforce a claim for the wrongful death of a reservation Indian whose death occurred in New Mexico but off the reservation. The New Mexico Supreme Court has also held that the right of indemnity under a liability insurance policy issued to a non-resident is sufficient to support the granting of administration upon the estate of the non-resident decedent whose act of alleged negligence occurred in this state. Kimbell v. Smith, 64 N.M. 374, 328 P.2d 942 (1958); In re Reilly's Estate, 63 N.M. 352, 319 P.2d 1069 (1957); Miller v. Stiff, 62 N.M. 383, 310 P.2d 1039 (1957). Miller states:

"* * * All that is necessary for the appointment is the mere allegation of a debtor in the state, for the truth of the allegation can only be tried when the alleged debtor is a party. 3 Beale, Conflict of Laws, § 467.3. *The same rule is applied to any demand or right of claim.* Gordon v. Shea, 1938, 300 Mass. 95, 14 N.E.2d 105, and authorities therein cited." (Emphasis added.)

Defendant would distinguish the above cited New Mexico cases because in each of them the accident resulting in death occurred in New Mexico and, here, the death occurred in Mexico. This attempted distinction does not go to the jurisdiction of the probate court to issue letters of administration. The probate court has authority to issue letters if there is "personal estate." The claim for wrongful death is "personal estate." The probate court has authority to issue letters on the basis of that claim; the fact that the accident occurred outside of New Mexico does not deprive the probate court of jurisdiction to act on the claim which is before that court, and nothing in the record before us demonstrates that the probate court was without jurisdiction to issue letters.

In each of the following cases letters were validly issued although the accident resulting in the non-resident's death occurred outside of the state where the letters were issued. In re Scarborough, 261 N.C. 565, 135 S.E.2d 529 (1964); Fenton v. Sinclair Refining Co., 206 Okl. 19, 240 P.2d

748 (1952); In re Waits' Estate, 23 Cal. 2d 676, 146 P.2d 5 (1944); Peterson v. Chicago B. & Q. Ry. Co., 187 Minn. 228, 244 N.W. 823 (1932); Lancaster & Wallace v. Sexton, 245 S.W. 958 (Tex.Civ. App.1922); State ex rel. Chicago B. & Q. R. Co. v. Probate Court, 149 Minn. 464, 184 N.W. 43 (1921).

*Is the claim within the county where the letters were issued?*

The letters were issued by the probate court of Valencia County. Under § 31–1–3, supra, letters may be granted "in any county in which any personal estate of the deceased may be." Is the claim for the wrongful death of Zehtner in Valencia County? If so, how did it get there?

In re Scarborough, supra, states:

"The asset (right of action for wrongful death) has a situs in the county in which personal service can be had on the tort-feasor. * * *"

In re Waits' Estate, supra, states:

"* * * An intangible, unlike real or tangible personal property, has no physical characteristics that would serve as a basis for assigning it to a particular locality. The location assigned to it depends on what action is to be taken with reference to it. It has therefore been widely held that a debt has its situs at the domicile of the debtor for purposes of administration, since it may be necessary to sue him there and to have an administrator appointed to bring suit. See 3 Beale, Conflict of Laws (1935), p. 1452; see 23 Minn.L.Rev. 221. By the same reasoning a debt will be regarded as an asset wherever the debtor is subject to suit. * * *"

See In re Atychides' Estate, 26 Misc.2d 898, 203 N.Y.S.2d 677 (Surr.Ct.1960); Lancaster & Wallace v. Sexton, supra.

The claim for the wrongful death of Zehtner is in Valencia County if the defendants are subject to suit in that county. The sparse record does not permit an affirmative determination of whether the defendants are subject to suit in Valencia County; however, such an affirmative determination is not required.

■ The district court sustained defendants' motion to dismiss on the basis that the probate court was without jurisdiction to issue letters of administration. The motion in district court was a collateral attack on the jurisdiction of the probate court. Unless lack of jurisdiction affirmatively appears, the probate action was not subject to collateral attack. Kimbell v. Smith, supra; Miller v. Stiff, supra.

■ Since it does not affirmatively appear that defendants were not subject to suit in Valencia County, the district court, in the collateral attack before it, could not properly conclude that the probate court was without jurisdiction on that basis.

*Is the sufficiency of the claim to be determined in the collateral attack?*

The complaint alleges death resulting from a negligent act but does not allege on what basis the wrongful death claim is asserted. Specifically, we do not know whether the claim is based on the New Mexico wrongful death statutes or on the basis of Mexico law.

Defendants, relying on Kandelin v. Lee Moor Contracting Co., 37 N.M. 479, 24 P.2d 731 (1933), contend that the claim is not based on Mexican law because Mexican law was not pleaded and has not been proved. Relying on Restatement, Conflict of Laws § 391 (1934) they assert there is no cause of action under New Mexico statutes, because the law of the place of the wrong (Mexico) governs the right of action for death. Thus, defendants argue that the probate court lacked authority to issue letters of administration because there is no basis for granting relief under the claim asserted.

We express no opinion as to whether foreign law is required to be pleaded and proved under our rules of civil procedure. See 2 Moore, Federal Practice, § 8.17(9) (2d ed. 1965). Kandelin v. Lee Moor Contracting Co., supra, was decided before our rules were in effect. Nor do we ex-

press an opinion as to whether the New Mexico wrongful death statutes can be applied where a non-resident death results from a negligent act occurring outside of New Mexico. These contentions go to the question of whether there is a basis for granting relief.

 Defendants' motion limited the issue before the district court. The issue was not whether there was a basis for granting relief; the issue was whether the probate court had authority to grant letters of administration. In deciding the question of the probate court's jurisdiction, the district court was not required to decide whether Gibbe had a basis for the claim asserted. Defendants' contentions may prove to be an insurmountable barrier to recovery; however, these contentions did not render the probate court powerless to appoint an administrator. In re Scarborough, supra; see In re Atychides' Estate, supra. While distinguishable on its facts, the following statement from Robinson v. Dana's Estate, 87 N.H. 114, 174 A. 772, 94 A.L.R. 1437 (1934) is appropriate:

"* * * Appointment or refusal to appoint does not depend upon the probable merits of the decedent's title or claim. It may be thought too doubtful to have appraisal value, but if any one having a proper interest deems it worth while to be asserted, an appointment should be made. The right to prosecute a claim having value if finally proved meritorious is in itself sufficient to meet the statutory test of estate."

See Fenton v. Sinclair Refining Co., supra.

The district court erred in concluding that the probate court did not have authority to issue Letters of Administration and in dismissing the complaint of Gibbe, as administratrix. The district court also dismissed the claim of Gibbe as an individual. No issue was presented concerning the dismissal of the individual claim.

The cause is remanded with instructions to set aside the order dismissing the claim of Gibbe as administratrix and to reinstate that portion of the complaint on the docket. No issue having been raised as to the dismissal of the claim of Gibbe as an individual, the order dismissing that claim remains in effect. Defendants are to pay the appellate costs.

It is so ordered.

OMAN and ARMIJO, JJ., concur.