328 P.2d 597

**Kathleen M. BONDS, Plaintiff-Appellant,**

**v.**

Unknown Heirs of the Following Named Deceased Persons: Joseph O. JOPLIN and Charles O. Joplin; and The Following Named Defendants By Name, If Living; If Deceased Their Unknown Heirs; Paul Miller Joplin, Doneva Kay Joplin, Barbara Sue Joplin, A. D. Morton and Jennie O. Morton; and All Unknown Claimants of Interest In the Premises Adverse To The Plaintiff, Defendants-Appellees.

No. 6346.

Supreme Court of New Mexico.

Aug. 5, 1958.

---

Hervey, Dow & Hinkle, S. B. Christy, IV, Roswell, for appellant.

James T. Jennings, Roswell, for appellees.

### DAVID W. CARMODY, District Judge.

This appeal is a result of a statutory suit to quiet title in which all of the defendants defaulted, except the three defendants (appellees here) who were represented by a guardian ad litem appointed by the court.

The only issue before the court relates to an attack by the guardian ad litem on an order of the District Court of Bernalillo County, authorizing the sale of real estate under the provisions of Section 31–7–14 et seq., N.M.S.A.1953. The trial court found that the Bernalillo County decree or order was not binding upon the appellees on the general basis that the Bernalillo County District Court did not obtain jurisdiction over the persons of the minors. Appellant contends that the Bernalillo decree is not subject to collateral attack and strongly urges that McDonald v. Padilla, 53 N.M. 116, 202 P.2d 970, fully sustains her position.

It is necessary to briefly review what occurred in the Bernalillo County case in order to bring this matter into proper perspective. The three minors involved are the children of Charles O. Joplin, deceased. On January 24, 1952, his widow, the mother of the children, filed a petition in the District Court of Bernalillo County generally alleging that the debts of the estate exceeded the personal property and sought authority to sell what was in the petition termed "half interest in oil and gas leases". Actually, there were no leases owned by the estate and the deceased had a mineral interest only. In any event, the petition was filed by the widow in a case entitled, "In the Matter of the Estate of Charles O. Joplin, Deceased". This petition was in the name of Mrs. Joplin, although it did in the body thereof state that she was the administratrix of the estate. It should be noted that the title of the case did not list any person as a defendant. So also on the face of the petition there appears a stamped notation "No Summons Issued". The petition did state that the widow and the three minors herein were the heirs, but, as pointed out, did not list the widow or the minors as defendants.

On the same day as the filing of the petition an order was entered appointing a

guardian ad litem. Also on the same day an answer was filed by the guardian ad litem, in which he admitted the truth of the allegations of the petition. Lastly, on the same day an order was entered by the court, authorizing Mrs. Joplin to sell "one half of the oil and gas leases described as follows * * *." This order is noted as "submitted" by the guardian ad litem.

On March 17, 1952, a report of Administratrix was filed in the case, seeking authority to sell the acreage involved for the sum of $1750. Also on this same day an order was entered authorizing the sale of "oil and gas leases". The only further thing that needs to complete the record in Bernalillo County is that ten days later, on March 27, another order was entered correcting the description of the property as given in the prior order. Neither of these last two orders were approved by the guardian ad litem, and there is no showing that they were ever submitted to him.

The statute involved, being § 31–7–15, N.M.S.A.1953, sets out the type of petition necessary to sell real estate, what shall be included therein, and the last sentence of this section reads as follows:

"To such petition the widow or husband and heirs-at-law of such decedent, and the devisees of such real estate, if the same or any thereof be devised in the will of the decedent, and the guardians of such of them as may be minors, and all other persons having any interest in the premises, shall be made defendants."

The following section, 31–7–16, provides:

"Summons shall thereupon be issued as in other civil causes."

The court mentions these two provisions because they will be considered hereafter; however, the statute in succeeding sections provides for hearing, type of sale, form of conveyance, and report of proceedings. Without going into detail, it should be mentioned that the entire proceedings in Bernalillo County contain many glaring omissions and outright failures to comply with the statutes.

Appellant contends that appellees may not take advantage of these omissions and failures in this proceeding and that the only remedy is for them to attack the Bernalillo County proceedings directly, appellant contending that the errors are mere irregularities and that as long as the order, presumably upon its face, shows jurisdiction of the subject matter and the parties, the same cannot be attacked collaterally.

The court feels it is only proper to mention the policy of the courts with respect to minors and guardians ad litem, and, without quoting directly, that a minor in court is represented not only by the guardian ad litem, but by the court itself. See Haden v. Eaves, 55 N.M. 40, 226 P.2d 457. It might not be amiss to suggest to the practicing attorneys of this state that

appointment as guardian ad litem of a minor is a position of the highest trust and no attorney should ever blindly enter an appearance as guardian ad litem and allow a matter to proceed without a full and complete investigation into the facts and law so that his clients will be fairly and competently represented and their rights fully and adequately protected and preserved. With respect to this, it should be mentioned at this time also that the guardian ad litem of these appellees has acted with great diligence and in his representation of these appellees he is acting as an officer of the court and a member of the bar in the very highest sense.

The court recognizes that the doctrine with respect to limiting collateral attacks upon judgments, as enunciated by this court in McDonald v. Padilla, supra, and many other cases, is, from a practical standpoint, a rule of necessity, for otherwise almost every judgment rendered by any court would never become conclusively final as long as parties litigant and their attorneys could continue to find some fault therewith; therefore, the rule that mere irregularities in a proceeding will not justify another court from ignoring the provisions of a decree. It is only right and proper that a judgment should not be declared void in a collateral proceeding unless it affirmatively shows on the judgment roll that the issuing court lacked jurisdiction over the subject matter or the parties.

Now, with respect to the instant case, there is no question but what, if the provisions of the statute were complied with, the District Court of Bernalillo County could, upon a proper petition, proper parties being named, summons issuing, have obtained jurisdiction over the subject matter and parties in this cause. However, this court cannot sit idly by and by indirection sustain the action of the Bernalillo County Court where mandatory requirements of the statute were in no sense followed. In the proceeding attacked there were no parties defendant, even though the statute specifically stated that the widow and the minors "shall" be made parties defendant. So also there was never any service obtained upon the defendants, for the file shows that no summons was issued, even though again the statute provides "Summons shall issue".

Appellant seeks to get around this glaring error by reason of the fact that a member of the bar was appointed as guardian ad litem and answered on behalf of these three appellees. There should actually be no argument at all about the matter, where the jurisdiction of the court was not properly invoked by following the statute in the first instance, but the mere appointment and appearance of a member of the bar to act as guardian ad litem cannot cure this defect. For a case almost directly in point, see Gruner v. Ruffner, 134 App.Div. 837. 119 N.Y.S. 942, rehearing denied 136 App.Div. 945, 121 N.Y.S. 1133.

346

■ We hold that the District Court of Bernalillo County failed to obtain jurisdiction of the parties or the subject matter in the cause attacked, as affirmatively appears in the record, and that, therefore, the trial court in this cause acted in the only way that it could and sustained the collateral attack upon the Bernalillo County judgment.

■ Counsel for the appellant seeks to have this court consider the equities of the matter and suggests that appellant's contention be sustained and that the children be relegated for their relief to action on the administratrix' bond in Bernalillo County. This court's response thereto is that there is certainly no burden on the guardian ad litem in the instant case to take action in the Bernalillo County case and that perhaps the appellant has similar remedies that she could take against the administratrix or against the parties who are responsible for the confusion.

The trial court held that the proceedings in Bernalillo County were void as to the minors and in so doing, the trial judge made the following statement:

"There was no attempt made to comply with the law and to give the court jurisdiction to order sale of the interest to the minors."

In this statement and in the holding of the trial court this court agrees, and the action of the trial court will be affirmed.

After the submission of the above case on briefs and the oral argument thereof, the guardian ad litem filed a motion in this court requesting an allowance of a fee in an amount to be determined by the court for representing the appellees on the appeal. To this motion appellant filed a response stating that the appellant was without sufficient funds and resources to pay the guardian ad litem and that the guardian ad litem should be paid a fee from the court funds.

As has been stated, the services of the guardian ad litem have been valuable ones and he should be allowed a fee commensurate with his efforts in handling the appeal. It is to be regretted that the appellant does not feel responsible for these fees. However, it should be pointed out that the guardian ad litem should not be required to perform services without remuneration and that the court does not feel that there is any justification from the expenditure of public funds for this purpose.

■ The guardian ad litem will be allowed a fee in the amount of $750, and the district court is instructed to impress a lien on the mineral interest of the minors to secure its payment unless they have funds out of which the fee may be paid.

It might not be amiss to say that the present attorneys appearing in this court for the appellant were not the attorneys who handled the proceedings in the district court of Bernalillo County.

The cause will be remanded to the trial court for such further proceedings as may be necessary in conformity with this opinion.

It is so ordered.

LUJAN, C. J., and McGHEE, COMPTON, and SHILLINGLAW, JJ., concur.