CHAVEZ and COMPTON, JJ., concur.

398 P.2d 622

Eloy CHAVEZ, Incompetent, by Bernabe Trujillo, as Guardian of his person and Estate, Plaintiff-Appellant,

v.

Joan R. LOWE and John E. Lowe, Defendants-Appellees.

No. 7563.

Supreme Court of New Mexico.

Jan. 25, 1965.

Julius Wollen, Sutin & Jones, Albuquerque, for appellant.

Shaffer & Butt, Albuquerque, for appellees.

CARMODY, Chief Justice.

The trial court, on motion of appellees, ordered plaintiff's complaint dismissed "without prejudice to the right of the plaintiff to file his complaint in Bernalillo County."

Appellant appealed, solely on the ground that a guardian may bring suit to recover damages for personal injuries to his ward in the county of the guardian's residence, although the residence of the ward is elsewhere.

Both appellant's appointment as guardian and his residence were in Sandoval County. When this is considered together with appellees' concession in their brief "that a guardian has a right to bring a suit in the county of the guardianship * * *," it is apparent that there is little reason for further comment. However, appellees urge that there was discretion in the district court to change the venue, that there was no showing of any abuse of discretion, and that because there were no findings there is nothing to be reviewed by this court.

We see no reason to discuss the questions as to discretion or abuse thereof, because quite obviously no discretion as to venue was exercised; contrariwise, the case was dismissed. Also the fact that there are no findings is of no consequence; the pleadings themselves are all that were before the trial court and are likewise before us.

The sole question is strictly a legal one, i. e., whether the trial court erroneously dismissed the action. This being conceded, there is no merit to further discussion.

The cause will be reversed and remanded to the district court with direction to reinstate the same on the docket and proceed in a manner not inconsistent herewith. It is so ordered.

NOBLE and MOISE, JJ., concur.