553 P.2d 700

**In the Matter of the ESTATE of John R. OWENS, Deceased.**

**David R. SIERRA Administrator of the Estate of John R. Owens, Deceased, Appellant,**

**v.**

**Aureliano TORRES, Appellee.**

**No. 10737.**

Supreme Court of New Mexico.

Aug. 9, 1976.

Klecan & Roach, James T. Roach, Albuquerque, for appellant.

Bachica & Casey, Frank Bachicha, Jr., Santa Fe, for appellee.

## OPINION

EASLEY, Justice.

This appeal deals with the question as to the proper county in which to petition for the appointment of an administrator when a nonresident has an automobile accident in New Mexico, dies outside the state, and leaves, as his only asset in this state, a right to indemnity under an automobile liability insurance policy. On petition to the Santa Fe County Probate Court by Aureliano Torres, a potential tort claimant, preliminary to· filing a damage action in Otero

County against the Estate of John R. Owens, deceased, appellant David R. Sierra was appointed administrator. A motion by Sierra to dismiss the probate proceeding for lack of venue and on jurisdictional grounds was denied by the probate court. The district court on appeal affirmed the decision. We affirm.

Sierra contends that the Santa Fe County Probate Court has no jurisdiction because the nonresident deceased had no estate in this county. The claim is that the situs of the estate was Otero County where the accident occurred and where the right of indemnity under the automobile liability insurance policy came into being. Sierra relies on § 31–1–3, N.M.S.A.1953 where under circumstances here prevailing, it provides " * * * letters may be granted in any county in which any personal estate of the deceased may be." Sierra further claims that the petition is jurisdictionally defective in its factual allegations.

Torres claims that the right of indemnity was deceased's only asset in New Mexico and that the situs of this asset was in Santa Fe County where personal service could be had on the insurance company that had contracted to indemnify the deceased's estate. In the alternative Torrez contends that the probate proceeding would lie in any county in the state.

John R. Owens, a nonresident, died in El Paso after the automobile accident in Otero County which gave rise to the tort claim of Torres. Owens owned no property in New Mexico except for the right of indemnity under the above-mentioned insurance policy. Torres' petition for appointment of an administrator alleged that Owens had no property in the state other than the rights under the insurance policy, that Torres had an interest as a creditor, and that he would later file an action against the estate for damages arising out of the wrongful acts of Owens in the operation of his automobile.

Sierra argues first that the Santa Fe County Probate Court has no "jurisdic-

**422**

tion" to issue letters of administration. This argument confuses the issues of venue and jurisdiction. Jurisdiction goes to the power of a court to entertain the cause, while venue simply goes to the convenient and proper forum. See *Grace v. Oil Conservation Commission of New Mexico*, 87 N.M. 205, 531 P.2d 939 (1975); see also J. Walden, Civil Procedure in New Mexico 36 (1973). The probate court of any county has the power or jurisdiction to issue letters, providing the petition conforms to the statutory requirements. Venue, however, lies only where prescribed by statute and concerns the convenience of the forum. Cf. *Bernstein v. Bernstein*, 73 N.M. 365, 388 P.2d 187 (1964). Moreover, a court generally does not lack power to decide a case even though venue may be improper. *Peisker v. Chavez*, 46 N.M. 159, 123 P.2d 726 (1942). The probate court of Santa Fe County had jurisdiction over this matter; proper venue is the question at issue.

■ Section 31–1–3, N.M.S.A.1953 governs the issuance of letters of administration, and with respect to nonresidents who die out of the state, it states that " * * * letters may be granted in any county in which any personal estate of the deceased may be." John Owens only asset connected with New Mexico was an automobile liability insurance policy. The right to indemnity under an insurance policy issued to a nonresident motorist has been held to constitute an asset sufficient to support issuance of letters of administration. *Kimbell v. Smith*, 64 N.M. 374, 328 P.2d 942 (1958); *Miller v. Stiff*, 62 N.M. 383, 310 P.2d 1039 (1957).

The question then becomes: Where is the situs of a right to indemnity under a liability insurance policy for the purpose of issuing letters of administration?

In two New Mexico cases involving nonresidents with rights to indemnity, letters of administration were upheld in the counties in New Mexico where the decedents had died. See *In re Reilly's Estate*, 63 N.M. 352, 319 P.2d 1069 (1957); *Miller v. Stiff*, supra. The deceased in this case, however, died out of the state.

The petition for appointment of an administrator was brought by Torres in Santa Fe County Probate Court. He alleged that the deceased was insured for torts committed within New Mexico. In *Kimbell v. Smith*, supra, letters of administration issued in Santa Fe County for the estate of a nonresident motorist who died in Illinois were implicitly upheld by the Supreme Court. Although the court in Kimbell did not reach the precise question before us because the plaintiff failed to properly raise the issue, the statutory agent of the insurance company was located in Santa Fe County.

■ We see no reason to deny Torres' petition for the appointment of an administrator in Santa Fe County. By statute all insurance companies doing business in New Mexico are required to appoint the Superintendent of Insurance, whose office is located in Santa Fe, as their attorney for service of process. § 58–5–8, N.M.S.A. 1953. Thus, one logical and convenient forum for this action was Santa Fe County. We hold that one situs of the right to indemnity was Santa Fe County; and venue lay in Santa Fe County Probate Court. Cf. *McKenzie v. K.S.N. Company*, 79 N.M. 314, 442 P.2d 804 (Ct.App.1968). This holding does not preclude issuance of letters of administration in other counties, such as the place of the accident. We do not, however, reach these other questions.

■ Sierra also argues that the petition filed by Torres is jurisdictionally deficient by failing to allege (1) the existence of the deceased's assets in Santa Fe County; (2) the deceased's residency or nonresidency in New Mexico; and (3) the liability carrier's principal place of business or authority to do business in New Mexico. The relevant statutes again are §§ 31–1–3, 58–5–8, N.M.S.A.1953. As to nonresidents who die out of state, letters may be granted in any county where an asset is located. Torres' petition alleged (1) John Owens

died out of state; (2) deceased did not own any property within New Mexico but was insured for torts committed within New Mexico; (3) no one had petitioned elsewhere for letters of administration; and (4) petitioner had a creditor interest in the estate based on a tort claim against the deceased. The only requirement under § 31–1–3 in this situation is that the petition allege that an asset is located in Santa Fe County. This essential allegation is implicit in the facts as stated.

When these facts are considered along with § 58–5–8, providing for service on the Superintendent of Insurance in Santa Fe, the requirement of § 31–1–3 is met. We hold that the petition is not jurisdictionally defective.

The order of the district court denying the motion to dismiss the probate proceeding is affirmed.

IT IS SO ORDERED.

MONTOYA, and SOSA, JJ., concur.