**553 P.2d 1275**

**NEW MEXICO BUREAU OF REVENUE,**
Petitioner,

v.

**WESTERN ELECTRIC COMPANY,**
Respondent.

No. 10978.

Supreme Court of New Mexico.

Sept. 7, 1976.

Toney Anaya, Atty. Gen., Jan Unna, Asst. Atty. Gen., Bureau of Revenue, Santa Fe, for petitioner.

Campbell & Bingaman, Jeff Bingaman, Santa Fe, for respondent.

OPINION

MONTOYA, Justice.

The instant case is before us on a writ of certiorari granted by this Court on June 16, 1976, upon application made by the petitioner (Bureau) herein.

The pertinent facts involved are as follows: On May 4, 1976, the Court of Appeals entered its decision in favor of respondent (Western Electric) in the above entitled cause. The case involved an appeal from a decision of the Commissioner relative to the assessment of compensating taxes against Western Electric. The Court of Appeals, by its decision, annulled the order entered by the Commissioner. Western Electric moved to recover its costs, including the cost of the preparation of the transcript, which motion was granted by the Court of Appeals under Rule 27 [§ 21–12–27, N.M.S.A.1953 (Supp.1975)]. [Hereinafter, when a "Rule" is referred to in this opinion, it indicates a particular Rule of the Rules of Appellate Procedure for Civil Cases and Rules Governing Original Proceedings in the Supreme Court, §§ 21–12–1 to 21–12–32, N.M.S.A.1953 (Supp. 1975).]

The question thus presented is whether the cost of preparation of the transcript of a taxpayer's hearing before the Commissioner may properly be taxed to the Bu-

reau where the taxpayer, Western Electric, successfully appealed the decision of the Commissioner.

The Bureau contends that in applying Rule 27, supra, allowing costs to Western Electric, which included the cost of preparation of the transcript, the Court of Appeals ignored the provisions of § 72–13–39(B), N.M.S.A.1953 (Supp.1975), which provides as follows:

"B. The procedure for perfecting an appeal under this section to the court of appeals consists of the timely filing of a complaint on appeal, naming only the bureau of revenue as appellee, with a copy attached of the decision and order from which appeal is taken. The appellant shall certify in his complaint on appeal that arrangements have been made with the commissioner or his delegate for preparation of a sufficient number of transcripts of the record of the hearing on which the appeal depends to support his appeal to the courts, at the expense of appellant, including three [3] copies which he shall furnish to the commissioner or his delegate."

The Bureau further contends that in applying the provisions of Rule 27, supra, the Court of Appeals ignored Rule 1(a) [§ 21–12–1(a) N.M.S.A.1953 (as adopted January 2, 1974, effective April 1, 1974)], which read as follows:

"(a) Except as may be otherwise provided by law these rules govern procedure in appeals from district courts to the Supreme Court and the Court of Appeals of New Mexico, in special statutory proceedings in the appellate courts for review or enforcement of orders of administrative agencies, boards and commissions and in applications for extraordinary writs and in removal proceedings."

The argument is made that the phrase "as may be otherwise provided by law" controls and dictates that the statutory allocation of costs, as set forth in § 72–13–39(B), supra, should prevail.

We start with the proposition that it is well established that the right to recover costs exists only by virtue of statutory authority, or a rule of court authorized by statute. 20 Am.Jur.2d Costs § 5 (1965); see also *United Development Corp. v. State Highway Dept.*, 133 N.W.2d 439, 22 A.L.R.3d 662 (N.D.1965). In our State there is a general statute regarding appellate costs reading as follows: "Amounts to be taxed as costs on appeals and writs of error shall be fixed by rule of procedure." Section 21–10–8, N.M.S.A. 1953 (Repl.Vol. 4, 1970).

Pursuant to the last-mentioned statute, this court adopted Rule 27, supra. The legislature, in adopting § 72–13–39(B), supra, obviously intended that the party appealing a decision of the Commissioner should bear the expense of the preparation of the transcript. The applicable rule is that conflicts between general and specific statutes are resolved by giving effect to the specific statute.

We need not decide whether there is a conflict between Rule 27, supra, and the statute in question. Rule 1(a), supra, specifically provides the exception that the statute would govern in this situation with the phrase "as may be otherwise provided by law." Having held in accordance with the general principle that costs are creatures of statute, and the legislature having provided for allocation of costs in this type of appellate proceeding, we have no choice but to reverse the action of the Court of Appeals and remand this cause with directions to grant the motion of the Bureau to set aside taxing of the cost of the transcript, and to set aside its order granting the motion to recover costs made by Western Electric, but only as it applies to the cost of preparing the transcript.

IT IS SO ORDERED.

OMAN, C. J., and McMANUS and EASLEY, JJ., concur.

SOSA, J., concurring in result only.