607 P.2d 649

**SANTA FE NATIONAL BANK, as Conservator of the Estate of Zachariah Zebadee Lee Wilson, an infant, Plaintiff-Appellant,**

v.

**Charles E. GALT, Jr., M.D., Catherine Armstrong, M.D., and Carlsbad Regional Medical Center, Defendants-Appellees.**

**No. 4079.**

Court of Appeals of New Mexico.

Nov. 15, 1979.

Writ of Certiorari Denied Dec. 14, 1979.

John A. Mitchell, Mitchell, Alley & Rubin, Santa Fe, for appellant.

Bob F. Turner, Atwood, Malone, Mann & Cooter, James L. Bruin, Sanders, Bruin & Baldock, Roswell, Kenneth R. Brandt, Miller, Stratvert, Torgerson & Brandt, Albuquerque, for appellees.

. Matias A. Zamora, Santa Fe, E. Robert (Bob) Wallach, San Francisco, Cal., Arturo G. Ortega, Ortega & Snead, Albuquerque, for amici curiae.

## OPINION

WOOD, Chief Judge.

Zachariah was born in February, 1976. Although the record before us does not contain the order, it is undisputed that the Santa Fe District Court, in Probate Cause 78–92, appointed the plaintiff Bank as Zachariah's conservator in November, 1978. Either the same day, or shortly after the conservatorship order (the District Court filing stamps cannot be read), the Bank, as conservator, filed a complaint for damages against the defendants which the Bank asserts to be an action for negligence and malpractice. The damage suit was filed in Santa Fe District Court. The trial court dismissed the damage suit for lack of venue; the Bank appeals. The factual basis for the venue question is that the alleged negligence and malpractice occurred in

Eddy County, Zachariah and his parents are residents of Eddy County; none of the defendants are residents of Santa Fe County. We (1) summarily answer several contentions; (2) discuss the collateral attack on the conservatorship; and (3) discuss the propriety of Santa Fe District Court venue for the damage suit.

*Contentions Summarily Answered*

[1] (a) The Bank contends that the cumulative effect of defendants' actions constitutes a waiver by them of the venue issue. The actions relied on include obtaining the continuance of a hearing scheduled in district court, filing objections to interrogatories and requests for admissions, participating in depositions, and filing a motion for a protective order. The initial pleading of defendants Armstrong and the Medical Center was a motion to dismiss for improper venue. Defendant Galt's answer denied the allegation in the complaint that the Bank was a conservator; his amended answer restated this denial and asserted as an affirmative defense that venue did not lie in Santa Fe District Court. There was no waiver. See Rule of Civ.Proc. 12(b) and (h); *Heron v. Gaylor*, 53 N.M. 44, 201 P.2d 366 (1948).

[2] (b) Admissions in the briefs establish that after the trial court dismissed the Santa Fe District Court damage action, the Bank joined with Zachariah's parents to file a damage suit in the District Court of Eddy County. The Bank's portion of the Eddy County suit sought relief on the same basis asserted in the Santa Fe District Court. Defendants contend that the Bank's suit in Eddy County constituted a waiver of any error as to the venue decision by the Santa Fe District Court. These facts are insufficient to establish waiver as a matter of law. See Rule of Civ.App.Proc. 11 and the definition of waiver in *Cooper v. Albuquerque City Commission*, 85 N.M. 786, 518 P.2d 275 (1974).

[3] (c) Defendants contend the trial court's venue decision should be affirmed because the propriety of venue in Santa Fe County for the damage action depends entirely on the selection of the Bank as the conservator and the conservator's "sole function is to create venue in Santa Fe County." Defendants assert that "creating" a party solely for purposes of venue is improper under New Mexico law. They rely on language in *Teaver v. Miller*, 53 N.M. 345, 208 P.2d 156 (1949), which indicates a party whose residence determines venue must be a necessary party. The Bank responds that it is the real party in interest because it is a conservator and under § 45–5–420, N.M.S.A.1978 is vested with title to all property of Zachariah, the protected person.

This issue does *not* involve the propriety of venue if the Bank's conservatorship was proper. The claim is that the conservatorship was obtained solely to establish a Santa Fe County venue and, thus, was a sham. Disregarding, at this point, the collateral attack on the conservatorship proceedings, the question of whether such proceedings were a sham was a factual question. The trial court made no findings; it did not find that the conservatorship proceedings were undertaken solely to establish venue in Santa Fe County. The trial court's oral remarks (although not establishing the trial court's decision, see *Getz v. Equitable Life Assur. Soc. of United States*, 90 N.M. 195, 561 P.2d 468 (1977), cert. denied, 434 U.S. 834, 98 S.Ct. 121, 54 L.Ed.2d 95 (1977)), indicate its venue decision was based solely on its interpretation of § 45–5–403, N.M.S.A.1978. The issue not having been decided by the trial court, it is not before us for review. Rule of Civ.App.Proc. 11.

[4] (d) Defendants contend that even "if venue were technically correct in Santa Fe County, the ruling of the trial court should be affirmed because of the application of the doctrine of *forum non conveniens*." The Bank suggests this contention is disposed of by *Torres v. Gamble*, 75 N.M. 741, 410 P.2d 959 (1966). We do not consider these arguments, nor do we consider the effect of § 45–1–303(B) and (C), N.M.S.A.1978 upon the doctrine of *forum non conveniens*, if such doctrine exists in New Mexico. The trial court did not dismiss the

Santa Fe County damage suit on the basis of the doctrine. The issue is not before us for review. Rule of Civ.App.Proc. 11.

*Collateral Attack on the Conservatorship*

■ The defendants assert that the appointment of the conservator was void. The Bank contends that defendants lack standing to make such a claim because it is a collateral attack, in the damage suit, on the conservatorship proceedings, a separate action. We do not reach the "standing" question; that is, we do not consider whether defendants could make a collateral attack, but consider the sufficiency of the attack made.

*Bonds v. Joplin's Heirs,* 64 N.M. 342, 328 P.2d 597 (1958) followed the rule stated in *McDonald v. Padilla,* 53 N.M. 116, 202 P.2d 970 (1949). *McDonald* states:

> The rule is that as against a collateral attack, a judgment is valid unless the contrary appears in the judgment roll, and the omission of every step in the proceedings except the entry of the judgment, does not overcome the conclusive presumption of regularity of a judgment when collaterally attacked, if the record does not affirmatively disclose the omissions.

In *Bonds,* supra, a quiet title suit, there was a collateral attack upon a prior proceeding to sell a real estate interest of a minor. The attack was successful because the record of the sale proceedings affirmatively showed noncompliance with statutory procedures for selling the minor's real estate.

In this case, we do not know whether the record of the conservatorship proceedings affirmatively discloses noncompliance with statutory provisions for appointment of a conservator. The record before us does not include the file of the conservatorship proceedings. The only portion of the conservatorship proceedings before us is a copy of the petition seeking appointment of a conservator.

Sections 45–5–401 through 45–5–432, N.M.S.A.1978 (a portion of the Probate Code) pertain to conservatorship for protecting the property of minors and persons under disability. Section 45–5–404(A)(2), supra, authorized the parents to petition for the appointment of a conservator for Zachariah. They did so petition. Section 45–5–403 states the venue for proceedings under §§ 45–5–401 through 45–5–432, supra. The petition of the parents, under oath, states that the parents waive venue, as provided in § 45–5–403, supra, and stipulate to venue in the Santa Fe District Court.

The defendants' claim is that the parents' waiver was not a valid waiver of the venue provisions of § 45–5–403, supra. We have no basis to review this collateral attack on the conservatorship proceedings. In the absence of the record of the conservatorship proceedings, we cannot determine whether that record affirmatively shows noncompliance with statutory provisions for establishing a conservatorship.

*Propriety of Santa Fe District Court Venue*

Under the general venue statute, venue in Santa Fe District Court was proper for the Bank's damage claim as conservator. Section 38–3–1(A), N.M.S.A.1978; *Chavez v. Lowe,* 74 N.M. 754, 398 P.2d 622 (1965). Is the general venue statute applicable?

Section 45–5–403, states:

> Venue for proceedings under Sections 5–401 through 5–432 [45–5–401 to 45–5–432 NMSA 1978] is:
>
> A. in the judicial district in New Mexico where the person to be protected resides whether or not a guardian has been appointed in another judicial district * * *.

Conflicts between general and specific statutes are resolved by giving effect to the specific statute. *State ex rel. Bird v. Apodaca,* 91 N.M. 279, 573 P.2d 213 (1977); *New Mexico Bureau of Rev. v. Western Elec. Co.,* 89 N.M. 468, 553 P.2d 1275 (1976).

Section 45–5–403, supra, is a specific venue statute. Does it conflict with § 38–3–1(A), supra?

In this case, the question of a conflict does *not* involve the conservatorship pro-

ceedings; defendants' collateral attack on the appointment of the Bank, as conservator, was insufficient. The question of a conflict involves the venue of the damage action filed by the Bank. Does § 45–5–403, supra, apply to the damage action?

Section 45–5–403, supra, by its terms, applies to "proceedings" under §§ 45–5–401 through 45–5–432, supra. Those sections deal with conservatorship matters. Section 45–5–424(C) states:

A conservator, acting reasonably in efforts to accomplish the purpose for which he was appointed, may act without court authorization or conformation, to:

\* \* \* \* \* \*

(24) prosecute or defend actions, claims or proceedings in any jurisdiction for the protection of estate assets and of the conservator in the performance of his duties \* \* \*.

Defendants contend that the Santa Fe District Court damage suit was a "proceeding" instituted under the authority of § 45–5–424(C)(24), supra, and thus the venue of the proceeding is governed by § 45–5–403, supra. Defendants' contention is too broad. Section 45–5–424(C)(24), supra, simply states that a conservator "may prosecute and defend litigation in or out of the state." 2 Wellman, *Uniform Probate Code Practice Manual* at 539 (2d ed. 1977). If § 45–5–403, supra, controls the venue of suits brought under the authority of § 45–5–424(C)(24), supra, problems exist as to the venue of suits by the conservator against out-of-state defendants.

■ *Wellman,* supra, at 502–503, indicates that the venue restrictions of § 45–5–403, supra, apply to proceedings involving the institution and conduct of the conservatorship. *Wellman* also indicates that once there is a conservator, venue for lawsuits instituted by the conservator are not limited by § 45–5–403, supra. *Wellman,* supra, at 529 states:

Litigation brought by or against third persons who claim property adversely to the protected person, who are indebted to him, or who have claims against him or

his estate, may be conducted in another court if litigation of the kind involved could have been conducted there in the absence of conservatorship proceedings.

Apart from the conservatorship, the Bank is also the trustee of an express trust for the benefit of Zachariah. As trustee, it was the proper party to bring the damage suit and venue in the county of the trustee's residence was proper. Rule of Civ.Proc. 17; § 38–3–1(A), supra; *Chavez v. Lowe,* supra.

■ Statutory provisions concerning guardians of minors and guardians of incapacitated persons have two venue provisions. One provision pertains to the appointment of the guardian. Sections 45–5–205 and 45–5–302, N.M.S.A.1978. The second provision pertains to the venue of proceedings subsequent to the appointment. Sections 45–5–211 and 45–5–313, N.M.S.A. 1978. However, there is only one venue provision for conservators. Section 45–5–403, supra. Because of these statutory differences, defendants contend that § 45–5–403, supra, was intended to cover all proceedings involving conservators. We disagree. The absence of a venue provision for conservators, subsequent to the appointment, shows an intent not to restrict the venue of lawsuits involving the conservator. The absence of a second venue statute concerning the conservator is consistent with *Wellman,* supra at 529, quoted above.

■■ Defendants assert that if the general venue statute controls the venue of lawsuits filed by the conservator, this "would abolish any restrictions on or requirements for proper venue in a major class of cases." Defendants point out that venue would be determined by selecting a conservator residing in the county where venue was desired. We agree, but this is not an argument that venue in this case was improper under the statutory provisions. Venue is determined by the Legislature. *Estate of Owens,* 89 N.M. 420, 553 P.2d 700 (1976); *Peisker v. Chavez,* 46 N.M. 159, 123 P.2d 726 (1942). The Legislature has enacted a general venue statute. Section 38–3–1, supra. The Legislature provided in § 45–1–103, N.M.S.A.1978: "The prin-

ciples of law and equity supplement the Probate Code's * * * provisions, unless specifically displaced by particular provisions of the code." As to the damage suit, § 45–5–403, supra, relied on by defendants, is not a specific displacement of the general venue statute; rather, § 45–5–403, supra, limits venue in matters concerning the institution and conduct of the guardianship.

There is no conflict between § 45–5–403, supra, and § 38–3–1(A), supra, in connection with the damage suit. Section 45–5–403, supra, does not control the venue of the damage suit filed by the conservator. Section 38–3–1(A), supra, was the applicable venue statute. If this result promotes shopping for a forum considered favorable to plaintiff, as defendants contend, the matter is for the Legislature to resolve. *Mining Co. v. McClure*, 17 N.M. 694, 133 P. 1063 (1913), 47 L.R.A.(N.S.) 744 (1914).

The trial court's order dismissing the Santa Fe District Court damage suit for lack of venue is erroneous and is reversed. The cause is remanded with instructions to reinstate the case on the docket of the Santa Fe District Court.

IT IS SO ORDERED.

WALTERS, J., concurs.

SUTIN, J., dissents.

SUTIN, Judge (dissenting).

I dissent.

Defendants moved this Court to dismiss this appeal on the grounds that the Court lacks jurisdiction because the Order filed in this case dismissed "the captioned matter" without prejudice.

The court found "that the motions and defenses asserting improper venue are well taken and should be granted."

A hearing was held on the motion and the motion was denied. Defendants preserved this matter in their Answer Brief. To me, this jurisdictional issue is of primary importance and should be formally reviewed.

The question for discussion is:

Is a dismissal of the captioned matter without prejudice a final order?

*Ortega v. Transamerica Ins. Co.*, 91 N.M. 31, 569 P.2d 957 (Ct.App.1977) held that a dismissal without prejudice was not a final order and was not appealable. I dissented under the peculiar circumstances of the Workmen's Compensation Act to avoid the running of the limitation period. Nevertheless *Ortega* stands for the proposition that the Order filed in the instant case is not a final order and therefore not appealable.

This Court has a duty to determine whether it has jurisdiction of an appeal; it will examine the record and if required, will sua sponte question its jurisdiction. *Rice v. Gonzales*, 79 N.M. 377, 444 P.2d 288 (1968). There can be no exercise of discretion. *Johnson v. Johnson*, 74 N.M. 567, 396 P.2d 181 (1964).

This case should be remanded to the district court to allow the entry of an interlocutory order pursuant to § 39–3–4, N.M.S.A. 1978. The purpose of the interlocutory order is to solve intricate, complex problems that arise like that in the instant case. I believe plaintiff refused to do so, inadvertently. If this case is not remanded plaintiff may lose its opportunity to seek the relief claimed in the District Court of Santa Fe County.