710 P.2d 748

**Kathleen A. LOESCH, as Personal Representative of the Estate of Andrew L. Loesch, Deceased; and Kathleen A. Loesch, Plaintiffs-Appellees,**

v.

**Dr. R.M. HENDERSON, Defendant-Appellant.**

**No. 8582.**

Court of Appeals of New Mexico.

Nov. 7, 1985.

Alice Tomlinson Lorenz, Miller, Stratvert, Torgerson & Brandt, P.A., Albuquerque, for defendant-appellant.

Michael Allison, DeLayo & Olson, P.A., Albuquerque, for plaintiffs-appellees.

OPINION

WOOD, Judge.

This suit involves alleged medical malpractice on the part of a radiologist on February 20, 1976. *Cf. Ealy v. Sheppeck*, 100 N.M. 250, 669 P.2d 259 (Ct.App.1983). The complaint was filed July 25, 1984. Defendant's motion for summary judgment was denied; this court granted an interlocutory appeal. The dispositive issue is whether the limitation period had run. We (1) dispose of preliminary matters; and (2) discuss whether the tolling provisions of the Medical Malpractice Act, NMSA 1978, Sections 41–5–1 to –28 (Repl.Pamp.1982), may be utilized to toll the limitation period of the general limitation statutes for per-

sonal injury, NMSA 1978, Sections 37–1–1 and –8.

**PRELIMINARY MATTERS**

1. Andrew L. Loesch and Kathleen A. Loesch were the named plaintiffs in the complaint. The parties have stipulated, in this court, that Andrew died on July 24, 1985, and that the personal representative of his estate should be substituted. We approved the stipulation. The caption reflects the substitution.

2. In the trial court, plaintiffs opposed summary judgment on the basis that it would violate due process if the limitation period expired before plaintiffs had any knowledge of the malpractice. *Kern By and Through Kern v. St. Joseph Hospital, Inc.*, 102 N.M. 452, 697 P.2d 135 (1985) held to the contrary. No due process claim is raised in the appeal.

■ 3. Plaintiffs contend that Section 37–1–8 states a "discovery" rule, that the limitation period of Section 37–1–8 begins to run "at the date of discovery of the injury". New Mexico does not have a discovery rule. *Peralta v. Martinez*, 90 N.M. 391, 564 P.2d 194 (Ct.App.1977); *see Irvine v. St. Joseph Hospital, Inc.*, 102 N.M. 572, 698 P.2d 442 (Ct.App.1984). The limitation period of Section 37–1–8 begins to run from the time the injury manifests itself in a physically objective manner *and* is ascertainable. *Kern.*

4. No claim is made that the limitation period in this case was extended under the doctrine of fraudulent concealment.

5. The tolling provision involved in this appeal is Section 41–5–22. We are not concerned with the details of tolling; our concern is whether Section 41–5–22 applies to plaintiffs' malpractice claim. The question of applicability arises because the malpractice claim was reviewed by a panel of the medical review commission. *See* §§ 41–5–14 and –20. On appeal, plaintiffs contend that defendant participated in the proceedings before the review panel and, therefore, on the theory of judicial estoppel, defendant may not contend that Section 41–5–22 does not apply to plaintiffs' claim.

The trial court did not deny the motion for summary judgment on an estoppel basis. This contention not having been ruled on in the trial court, it is not before us for review. NMSA 1978, Civ.App.R. 11 (Repl. Pamp.1984); *Santa Fe National Bank v. Galt*, 94 N.M. 111, 607 P.2d 649 (Ct.App. 1979).

**TOLLING**

■ The alleged malpractice occurred on February 20, 1976. The Medical Malpractice Act went into effect, as emergency legislation, on February 27, 1976. N.M. Const. art. IV, § 23; 1976 N.M. Laws, ch. 2, § 32; *Hutchens v. Jackson*, 37 N.M. 325, 23 P.2d 355 (1933).

There is no claim that the limitation period for claims under the Medical Malpractice Act, Section 41–5–13, applies. Rather, the parties agree that Section 37–1–8 applies.

The trial court ruled that plaintiffs "first obtained knowledge" of the alleged malpractice on April 28, 1981. It also ruled that under the "manifested" and "ascertainable" standard of *Kern* and *Peralta*, there was a question of fact as to whether the limitation period began to run "on or before April 28, 1981". To avoid this factual question, defendant, for the purposes of this appeal, takes the position that the limitation period of Section 37–1–8 began to run on April 29, 1981.

On the basis that the first day of the limitation period was April 29, 1981, defendant contends the three-year limitation period of Section 37–1–8 expired before the complaint was filed on July 25, 1984. The trial court disagreed, concluding that the tolling provisions of the Medical Malpractice Act applied.

We have previously identified the specific tolling provision involved; it is Section 41–5–22. We have previously pointed out the factual basis of the tolling claim; a panel reviewed the malpractice claim. The number of days involved in the review proceedings is such that if Section 41–5–22 applies, the limitation period would not have run. The question to be decided is a legal one.

Does Section 41–5–22 apply to toll the running of the limitation period of Section 37–1–8?

Plaintiffs claim that the entire Medical Malpractice Act, excepting the limitation period of Section 41–5–13, applies because the malpractice claim accrued, *see* Section 37–1–1, in April 1981, which was after the Medical Malpractice Act was in effect. This claim will not be considered because it is too broad. The only issue is whether the tolling provisions of Section 41–5–22 apply to toll the running of Section 37–1–8. *Cf. Otero v. Zouhar*, 102 N.M. 493, 697 P.2d 493 (Ct.App.1984), *overruled on other grounds*, 102 N.M. 482, 697 P.2d 482 (1985).

Plaintiffs contend that the Medical Malpractice Act is ambiguous, that we must construe the Act to determine legislative intent, and that the legislative intent was to toll the limitation period of *any* malpractice claim pending review by a medical review panel.

Two provisions of the Medical Malpractice Act are relied on to establish ambiguity. The tolling provision, Section 41–5–22, refers to "the applicable limitation period". Plaintiffs assert the use of the word "applicable" indicates a legislative intent that the Medical Malpractice Act applies to malpractice claims not governed by the limitation period stated in the Act. Section 41–5–15(A) provides that "[n]o malpractice action may be filed in any court against a qualifying health care provider before application is made to the medical review commission and its decision is rendered." Plaintiffs assert the wording of Section 41–5–15(A) "is absolute ... irrespective of the facts underlying the particular cause of action, or the chronology of occurrence of these facts." (Plaintiffs do not consider how the supreme court interpreted Section 41–5–15(A), nor do we. *See Otero v. Zouhar*, 102 N.M. 482, 697 P.2d 482.)

Plaintiffs fail to recognize that the "applicable" limitation period of Section 41–5–22 refers to Section 41–5–13, which contains more than one limitation period, inasmuch as a special limitation period is stated

for a minor under the full age of six years. Plaintiffs fail to recognize that the "absolute" language of Section 41–5–15(A) is qualified by Section 41–5–14(A) which limits its review of malpractice claims to claims "covered by the Medical Malpractice Act." The limitation period of plaintiffs' claim is expressly *not* covered by the Act. *See* § 41–5–13.

Defendant refers us to another provision of the Medical Malpractice Act. 1976 N.M. Laws, ch. 2, § 28 (hereinafter Section 28) provides: "The Medical Malpractice Act does not apply to acts of malpractice occurring prior to its effective date."

Plaintiffs argue that Section 28 is another example of ambiguity, asserting that the relationship of Section 28 and Section 41–5–15(A) is ambiguous. We disagree. We have referred to Sections 41–5–13, –14(A), –15(A) and –22. Each of these sections is a part of the Medical Malpractice Act; these sections do not apply to acts of malpractice occurring prior to the effective date of the Act. The alleged act of malpractice occurred prior to the effective date of the Act. Section 28 disposes of any question of ambiguity. The language of Section 28 patently provides that the tolling provisions of Section 41–5–22 do not apply to plaintiffs' malpractice claim because the alleged malpractice occurred prior to the effective date of the Act.

Plaintiffs seem to contend that Section 28 should not be given effect because it "does not appear within the 1982 Replacement Pamphlet 63," NMSA 1978. This is incorrect. Section 28 is referred to in the notes to Section 41–5–28. However, a failure to refer to Section 28 in NMSA 1978 would not diminish the applicability of Section 28. NMSA 1978 is a compilation, not a revision or codification. NMSA 1978, §§ 12–1–1 and –3(B) (Orig.Pamp. & Cum. Supp.1985); *City of Raton v. Sproule*, 78 N.M. 138, 429 P.2d 336 (1967). A compilation is gathered from other books and documents. *City of Albuquerque v. Campbell*, 68 N.M. 75, 358 P.2d 698 (1960). "The power which enacts a law is the only one competent to annul, repeal, or modify its

provisions * * *." *Edgar v. Baca,* 1 N.M. (Gild.) 613, 620 (1875). The legislature enacted Section 28 and has not changed that section. Section 12–1–3 makes no change in Section 28. *Cf. Smith v. State,* 89 N.M. 770, 558 P.2d 39 (1976).

The running of the limitation period of Section 37–1–8 not having been tolled, the limitation period had expired before the complaint was filed. The order of the trial court denying the motion for summary judgment is reversed. The cause is remanded for further proceedings consistent with this opinion.

Defendant is to recover his appellate costs from plaintiffs.

IT IS SO ORDERED.

DONNELLY, C.J., and GARCIA, J., concur.